WILLIAM A. OLLILA, Claimant and Respondent v. EDGAR A. REEDER, Chairman of the Unemployment Compensation Commission, et al., Defendants and Appellants.

No. 11061.
Submitted June 10, 1966. Decided August 8, 1966.
417 P.2d 473.

John F. Bell (argued), Helena, for appellants.
William N. Geagan (argued), Butte, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of Silver Bow County, sitting without a jury awarding unemployment compensation benefits to the claimant-respondent, William A. Ollila, and directing the Unemployment Compensation Commission to determine reasonable attorney's fees for claimant's attorney and to pay such attorney's fees from the benefits awarded.

In its appeal, the Commission raises three issues for our consideration. However, we feel this appeal can be decided by consideration of only one of these issues. The question is simply whether claimant voluntarily withdrew himself from the active labor market, thus rendering himself ineligible to receive unemployment compensation benefits, as the Commission had ruled.

The record before this court shows the following facts.

In August of 1963, claimant was 62 years of age. He lived in Butte, Montana, where he had worked for The Anaconda Company as an underground miner on an intermittent basis since 1937. His last period of employment was from June 28, 1963, to August 21, 1963.

During July, 1963, claimant had filed a claim for social security retirement benefits. He was given an award of $69.60 per month. Claimant knew that he could not earn in excess of $1,200.00 in a year without a reduction in his social security retirement benefit. By August 19, 1963, he had earned $1,241.45.

When claimant was rehired on June 27, 1963, he was notified that in view of his previous work record he would be discharged if he missed in excess of two shifts during any month without reporting off and that he would not be eligible for further reemployment. Claimant admitted that he was aware of this, but he failed to report off and missed shifts on August 10, 17, 20 and 21, 1963. The Anaconda Company terminated

136

his employment on August 21, 1963, with no possibility of being rehired.

On August 23, 1963, claimant filed an unemployment compensation benefit claim. The claimant gave his reason for leaving his last job as "I stop work as social security earnings on $1,200." Claimant was reluctant to explain further his reasons for leaving his job. The Commission determined that the claimont had left his job because he had earned over $1,200.00, the maximum allowed before his social security retirement benefits would be reduced. Therefore, the Commission ruled that claimant was not "eligible" under R.C.M.1947, § 87-105(c), since he was not available for and actively seeking full-time employment.

The Commission's ruling on the claim is not the subject of this appeal. In December 1963, claimant left Butte, Montana, and went to Crosby, Minnesota.

On January 12, 1964, claimant filed an interstate claim against Montana with the Minnesota Department of Employment Security. This claim covered the same period of employment as the August claim, that is, from June 28, 1963 to August 21, 1963. It should be noted that the forms utilized in filing six claims subsequent to that of January 12, 1964, contain a space where a claimant is to explain what he has done to find work. On three of these claims, claimant listed the "Butte Labor Union", which was contacted on November 22 and 26, 1963, and the "National Park Service", which was contacted on January 10 and 15, 1964. On two other claims, claimant made no entry at all concerning places he had contacted seeking employment. On one claim he listed "Park Service" and "Local and Regional", for which no contacting dates were given.

Claimant was advised by a claims examiner for the Commission that he was not "eligible" for the same reason that had been previously determined by the Commission in denying his August claim. This determination was appealed to the Commission's appeal tribunal, and a hearing was held in Brainerd,

Minnesota, on March 19, 1964. Claimant's testimony again revealed that he had missed shifts and failed to report off simply because he had earned over $1,200.00. His testimony is vague as to whether he had contacted employers in the area around Crosby, Minnesota, before or after he had filed the claim of January 12, 1964. The Commission once again denied the claim and ruled that claimant was not available for and actively seeking full-time employment.

Claimant subsequently filed an action in the district court. The trial was held on July 26, 1965. Claimant was the only witness. His testimony added little to what had been revealed to the Commission through the claims and the hearing. He did admit that he had gone to Crosby, Minnesota, to take a rest. He again failed to show what contacts, if any, he had made to obtain work.

In Scott v. Smith (U.C.C.), 141 Mont. 230, 262, 376 P.2d 733, 750, we stated that "The burden is upon claimant to show he is not disqualified." We fail to see how claimant has met this burden. The claims he filed, the testimony he gave at his appeal hearing and at his trial indicate (1) that he quit his job to protect his social security retirement benefits; (2) that he knew that the Anaconda Company, his employer for many years, would not rehire him if he failed to report off; (3) that he went to Minnesota to take a rest; and (4) that he failed to seek full-time employment. This clearly indicates that claimant voluntarily removed himself from the labor market. He was not available for and seeking work as required by section 87-105(c). He was not "eligible" for unemployment compensation benefits.

In addition, section 87-108(d) deals with the district court review of the decision of the Commission and provides in part: "In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by [the] evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." We

have already shown that the facts, as established by the record before this court, clearly support the finding of the Commission that claimant was not available for and seeking work. Thus, the district court erred in reversing the order of the Commission. See Jordan v. Craighead, 114 Mont. 337, 136 P.2d 526.

Since claimant has failed to establish his right to unemployment benefits, the question of the correctness of the district court's judgment concerning attorney's fees is moot. There is no need for us to make further comment on it.

The judgment is reversed with instructions to enter judgment affirming the order of the Unemployment Compensation Commission.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON and DOYLE concur.

MR. JUSTICE ADAIR, dissenting:

In my opinion the judgment heretofore rendered and entered in this cause by the Honorable John B. McClernan of the District Court of the Second Judicial District is correct and such judgment should be affirmed. I therefore respectfully dissent to reversal by this court of the judgment of the District Court with instructions by this court to affirm the order of the Unemployment Compensation Commission.