DENNIS NOONE, CLAIMANT AND APPELLANT, *v.* EDGAR H. REEDER, CHAIRMAN AND EXECUTIVE DIRECTOR OF THE UNEMPLOYMENT COMPENSATION COMMISSION ET AL., DEFENDANTS AND RESPONDENTS.

No. 11451.
Decided June 7, 1968.
441 P.2d 309.

Robert H. Wilson, Hardin, for appellant.
John F. Bell (submitted on Briefs), Helena, for respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by plaintiff from a judgment of the District Court of Big Horn County affirming a decision of the Unemployment Compensation Commission denying him eligibility for unemployment compensation benefits.

Plaintiff, a 39 year old single man with no dependents, filed a claim for benefits under the Unemployment Compensation Act with the State Employment Office in Dillon on July 7, 1967. Following a deputy's determination that he was ineligible for benefits because he was "not available for or actively seeking full-time employment" and denial of plaintiff's request for a redetermination of his eligibility, plaintiff successively appealed to the Appeals Referee, the Unemployment Compensation Commission, and the District Court of Big Horn County. Each sustained the denial of eligibility to plaintiff for benefits under the preceding adjudication. This appeal followed.

Because the findings of the Commission as to the facts are basic to our determination of this appeal, they are set forth verbatim as follows:

"The claimant, 39 years of age, has been employed by the Holly Sugar Corporation, Hardin, Montana, as a laborer during the sugar beet processing season, usually from October through January, for the past four years. When the work ended each year he returned to Dillon, Montana, where he lives with his mother and stepfather. He has not performed any work in the Dillon area since 1964. His last employment was with the Holly Sugar Corporation from September 27, 1966, to January 27, 1967, when the work ended and he was laid off. On July 7, 1967, he filed an initial claim for benefits with the Dillon employment office effective July 2, 1967.

"From July 2, 1967, to August 1, 1967, he made no effort to obtain employment. Since then he has made several applications for work as a salesclerk and warehouseman, work in

which he has had no experience and has no prospect of securing. Prior to 1964 he worked about six weeks as a miner, and while he has made two applications for such work, he does not have prospects of obtaining employment with either employer. He has been unwilling to accept farm or ranch work which exists in the Dillon area. While he contends he is not qualified to perform that work, the evidence shows that he was a self-employed farmer for eight years and worked several years on ranches owned by his stepfather. At the time of the hearing before the Appeals Referee, he had no prospects of obtaining employment except for work with the Holly Sugar Corporation which is scheduled to begin on September 20, 1967.

\* \* \* \* \* \* \* \*

"This claimant has followed a pattern of working about four months each year for the Holly Sugar Corporation and spending the other months of the year in Dillon, which is basically an agricultural area. He has not performed any work in that area since 1964. He has limited acceptable employment to the extent he does not have reasonable prospects of obtaining employment. His unwillingess to accept agricultural work which exists in the area and he is qualified to perform, has unnecessarily prolonged his period of unemployment. Therefore, his unemployment is obviously a matter of choice, rather than necessity. In view of the evidence, it is concluded that he has not been actively and genuinely in the labor market \* \* \*."

On the basis of these findings of fact, the Commission concluded that plaintiff had not been available for work and seeking work and by reason thereof was ineligible for unemployment benefits. On appeal to the district court, that court reviewed the record before the Commission and entered judgment affirming the Commission's decision. After denial by the district court of plaintiff's exceptions to that court's findings and conclusions, plaintiff appealed to this Court from the

judgment of the district court and its denial of plaintiff's exceptions to its findings.

The basic issues for review upon this appeal can be summarized in this manner: (1) Is there substantial evidence in the record sustaining the Commission's findings of fact? (2) Do such findings of fact support the conclusion of law that plaintiff was not "available for work and was not seeking work" within the meaning of section 87-105, R.C.M.1947? (3) Do the findings of fact and conclusions of law support the judgment declaring plaintiff ineligible for benefits under the Unemployment Compensation Act?

Turning to the first issue for review, we observe that findings of fact by the Commission, if supported by evidence, are conclusive and that the scope of judicial review is confined to questions of law. Section 87-108(d), R.C.M.1947. The evidentiary support required under this statute is that the Commission's findings of fact be supported by substantial evidence, i. e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion or, stated another way, enough evidence to justify a refusal to direct a verdict on a factual issue in a jury trial. Jordan v. Craighead, 114 Mont. 337, 136 P.2d 526. The court is not permitted to balance conflicting evidence in support of and in opposition to the Commission's findings of fact, nor to determine which is the more substantial evidence, nor to consider where the preponderance of the evidence lies; for to do so would be to substitute the Court's view of the evidence for that of the Commission, and effectively nullify the conclusive character of the Commission's findings of fact as provided by statute. Jordan v. Craighead, supra.

Examining the Commission's findings of fact in the light of the foregoing principles, we find substantial evidence in the record supporting every finding of fact set out verbatim above. It would unduly lengthen this opinion to quote the supporting evidence on each of these individual factual find-

ings. Suffice it to say that the basic factual findings of the Commission amount, in substance, to this: That plaintiff's work history for the four years preceding his application for unemployment compensation indicated a pattern of seasonal employment for about four months each year with Holly Sugar Corporation in Hardin, during the sugar beet processing season and spending the remainder of the year unemployed in Dillon, which is basically an agricultural area; that he is unwilling to accept farm or ranch work which exists in that area and which he is qualified to perform; that he has no prospects of obtaining employment elsewhere at the present time; for about three weeks after applying for unemployment benefits he made no effort to obtain employment, and since then he has made several applications for work in which either he has had no experience or which he has no prospect of securing; that by reason thereof, his unemployment is a matter of choice rather than necessity and therefore he has not been actively or genuinely in the labor market. Admittedly the evidence is in conflict on these basic factual findings, particularly the ultimate findings of fact.

The thrust of plaintiff's argument, as we understand it, is that there is uncontroverted evidence in the record showing plaintiff made fifteen applications for employment between July 1, 1967, and August 23, 1967, and the Commission had no right to assume, without supporting evidence, that claimant's efforts to obtain work were a subterfuge solely for the purpose of qualifying him for unemployment compensation benefits. We disagree. There is substantial evidence supporting the Commission's findings of fact that all applications were either for work in which he had no experience or which he had no prospect of securing. Likewise there is substantial evidence on which a finding of subterfuge, not expressly made by the Commission but arguably implicit in their findings, can be bottomed—a sudden spurt of more job applications between August 1, when claimant found out he had to actively seek

employment in order to obtain unemployment benefits, and August 23, than he had exhibited during the previous six months since his seasonal lay-off by the Holly Sugar Corporation, coupled with his refusal to accept farm or ranch work because he despised it and his applications for work either for which he was not qualified or in which he had no prospects of employment.

Passing on to the second issue, viz., whether the Commission's findings of fact support the legal conclusion that plaintiff was not available for work and actively seeking work within the purview of the statute, we must note the controlling statute as to eligibility for benefits. Section 87-105, R.C.M.1947, provides, insofar as is pertinent to the problem in the instant case, in part, as follows:

"An unemployed individual shall be eligible to receive benefits for any week of total unemployment within his benefit year; only if the commission find that—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"(c) He is \* \* \* available for work and is seeking work \* \* \*."

The burden is upon plaintiff to show that he is not disqualified from securing unemployment compensation benefits. Scott v. Smith, 141 Mont. 230, 376 P.2d 733; Ollila v. Reeder, 148 Mont. 134, 417 P.2d 473. Accepting the Commission's findings of fact herein as conclusive for the reasons hereinbefore set forth, we fail to see how plaintiff has met this burden. In substance plaintiff has voluntarily removed himself from the only presently existing labor market in the Dillon area for which he is qualified by his refusal to accept farm or ranch work because he despises it. Voluntary removal of oneself from the labor market does not satisfy the requirement that an applicant for unemployment compensation benefits is "available for work" within the meaning of section 87-105, R.C.M.1947. See Ollila v. Reeder. And the longer one is unemployed, the more he is expected to relax any restrictions

upon his availability for work. CCH, UIR, Vol. 1B, p. 4404. Clearly plaintiff did not discharge the burden of showing that he had not voluntarily removed himself from the labor market and therefore was not disqualified from receiving unemployment compensation benefits as required by statute.

The answer to the final issue for review is obvious in light of the foregoing discussion. The judgment of the district court affirming the Commission's decision that plaintiff is ineligible to receive benefits beginning on July 2, 1967, and thereafter, until such time as he meets all of the eligibility requirements of the Montana Unemployment Compensation Act necessarily follows the findings of fact of the Commission and the conclusions of law that follow.

The judgment of the district court affirming the decision of the Unemployment Compensation Commission and its denial of plaintiff's ojections to its findings and conclusions are affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.