Barry W. BAKER, Plaintiff,

v.

**DEPARTMENT OF EMPLOYMENT SE-
CURITY, INDUSTRIAL COMMISSION
of Utah, Defendant.**

No. 14734.

Supreme Court of Utah.

May 23, 1977.

Gary N. Anderson, of Hillyard & Gunnell, Logan, for plaintiff.

Vernon B. Romney, Atty. Gen., Floyd G. Astin, Special Asst. Atty. Gen., Winston Faux, Special Asst. Atty. Gen., Salt Lake City, for defendant.

CROCKETT, Justice:

Plaintiff Barry W. Baker seeks a review and reversal of a decision of the Industrial Commission,[1] which denied unemployment benefits to the plaintiff and assessed an overpayment penalty of $552 against him. The decision was based on a finding that he had knowingly withheld "the material facts of his work and earnings to receive benefits to which he was not entitled," in violation of 35-4-5(e), U.C.A. 1953. The question presented is whether there is a reasonable basis in the evidence to support that finding.[2]

On November 18, 1974, the plaintiff filed a claim for unemployment benefits. The

---

1. That the decision of the Board of Review is deemed to be the decision of the Commission, see Sec. 35-4-10(a), U.C.A.1953.

2. This case is companion to and analogous in principle to *Whitcome v. Department of Employment Security,* Utah, 1977, 563 P.2d 807.

claim was approved and he received compensation until the following spring. In April 1975, he requested and was granted an extension of benefits for the weeks ending April 5, 1975, through May 17, 1975, in the sum of $552 based upon his certification that he was unemployed and had no earnings during that time. However, six months later, on November 10, 1975, he again applied for unemployment benefits, based upon a representation that he had worked for the Valley Roofing Company from April 1, 1975, through November 6, 1975. It will be noted that this included the same period, April and May of that year, for which he had already received unemployment compensation. The following week, on November 17, 1975, he changed his claim for benefits to indicate that he had started to work for Valley Roofing Company on June 1, 1975, instead of April 1 as previously stated.

Section 35–4–11(g), U.C.A.1953, requires employers to maintain "true and accurate work records containing such information as the commission may by regulation prescribe." Furthermore, 35–4–4(e), U.C.A. 1953 mandates that:

If any employer fails to furnish reports concerning separation and employment as required by this act . . . *the commission shall on the basis of such information as it may obtain,* determine the eligibility and insured status of any individual affected by such failure . . . .. [Emphasis added.]

Neither the plaintiff nor Valley Roofing produced records to verify the dates of employment or the jobs worked by the plaintiff during the period in controversy. Mr. John Whitcome, for the company, submitted an Employment and Separation form which indicated that the plaintiff had

started to work on April 1, 1975; and that he had earnings of $1,275 for the second quarter (April, May and June) and of the identical amount for the third quarter (July, August and September) 1975.

The explanation offered by plaintiff of the overlap of his claiming unemployment compensation and also of being employed during April and May was that he actually did not begin work until the latter part of May or the first part of June. In support of that assertion, Mr. Whitcome stated that the April 1 date was entered because that was the beginning of the second quarter; and he knew that the plaintiff had worked sometime during that quarter, but was not certain of the first date of employment. He further said that the plaintiff's earnings were the same for both quarters because there was more work in June and the plaintiff did not work steady between July and September.

The plausibility and the veracity of those explanations was for the Commission to determine. Moreover, in addition to the unlikelihood that the plaintiff received $1,275 for the month of June and the same amount for the entire three month quarter following, the Commission was not obliged to believe the testimony of these witnesses who had an obvious self interest therein.[3]

The initial and continuing burden of proof to establish eligibility to receive benefits was upon the plaintiff.[4] The standard rule of review in such matters is that the findings and decision of the Commission will not be overturned if there is a reasonable basis in the evidence to support them, so it has not acted capriciously, arbitrarily or in excess of its authority.[5] In applying that rule, it should be obvious from what has been said herein that the Commission was justified in not being convinced that the

3. See *Moore v. Prudential Ins. Co.,* 26 Utah 2d 430, 491 P.2d 227 (1971); *Jensen v. Logan City,* 96 Utah 522, 88 P.2d 459 (1939); *Gagos v. Indus. Comm.,* 87 Utah 101, 48 P.2d 449 (1935).

4. *Medina v. Indus. Comm.,* 554 P.2d 1360 (Colo.App.1976); *Townsend v. Kansas Employment Security, etc.,* 218 Kan. 306, 543 P.2d 888 (1975); *Moya v. Employment Security Comm.,*

80 N.M. 39, 450 P.2d 925 (1969); *Noone v. Reeder,* 151 Mont. 248, 441 P.2d 309 (1968); *Townsend v. Employment Security Dept.,* 54 Wash.2d 532, 341 P.2d 877 (1958).

5. *Kennecott Copper Corp. v. Dept. of Employment Security,* 13 Utah 2d 262, 265, 372 P.2d 987, 989 (1962).

plaintiff was entitled to the additional benefits he claimed; and in ordering reimbursement of the $552 unemployment compensation he had been paid for April and May of 1975.

Affirmed. No costs awarded.

ELLETT, C. J., WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (dissenting).

See my dissent in *Whitcome v. Dept. of Employment Security*, 564 P.2d 1116 (Utah, 1977).