No. 83-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

DICK IRVIN, INC., A Montana corp.,

Petitioner and Respondent,

-vs-

MONTANA DEPARTMENT OF LABOR, et al.,
and VERN O. GREENWOOD,

Respondents and Appellants.

---

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Toole,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

D. Michael Eakin, Montana Legal Services,
Billings, Montana
R. Scott Currey, Dept. of Labor, Helena, Montana

For Respondent:

John H. Grant; Jackson, Oitzinger & Murdo, Helena,
Montana

---

Submitted on Briefs: September 2, 1983

Decided: December 30, 1983

Filed: DEC 30 1983

*Ethel M. Harrison*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Vern Greenwood appeals the Toole County District Court's reversal of the Board of Labor Appeals of the Montana Department of Labor and Industry determination that he was entitled to unemployment benefits after his discharge from Dick Irvin, Inc., respondent.

On March 26, 1981, Dick Irvin, Inc., hired Vern Greenwood as a truck driver. On May 29, 1982, Irvin discharged Greenwood. Several incidents led to his termination.

First, in April 1981, on a haul to California, Greenwood attempted to drive to Big Timber to meet his wife. At Moore, his truck broke down causing a delay in the delivery of the load. There is a dispute as to whether Irvin had given specific routing instructions to Greenwood. Further, Greenwood contends that any deviation from the normal route would have only been sixty-one miles. He was instructed not to take such side trips again, and he obeyed.

Second, Greenwood was involved in an accident in Texas where a car ran into the lower right front of his tractor as he was turning right. Greenwood asserts that he was signalling for the turn, and the car was traveling completely on the shoulder of the road attempting to pass him on the right. Greenwood was issued a citation, but it is unclear what the violation was. He also claims that he sent a notarized statement of an eyewitness to the accident to Irvin, but it is not part of the record. Irvin blames Greenwood for the accident because he was issued the citation and Irvin's insurance carrier paid for the damage to the other vehicle.

Third, on one of Greenwood's hauls the wheel, tire and hub came off the axle due to lack of oil in the hub of the

2

wheel. Greenwood accepts partial responsibility for this as he failed to check the oil level on this occasion. However, he argues that Irvin knew the truck was due for service at this time but dispatched him on another delivery.

Fourth, while on a haul into Louisiana, Greenwood needed certain permits to pass through Texas with an oversize load. Apparently, he would have violated Texas law by traveling without the permits. Thus, he waited over the weekend to obtain them at the border instead of traveling into Texas to pick them up at New Boston as instructed by Mark Cole of the Irvin office. This caused a late delivery in Louisiana.

Fifth, while he and a forklift driver were loading his truck, the forklift operator drove the lift over a piece of sideboard and punched a hole therein. Greenwood claims that the high winds blowing at the time prevented the sideboard from standing up so he simply laid it on the deck of the truck. Irvin replaced the sideboard with a new piece of plywood.

Finally, the last incident prior to Greenwood's termination was an accident in Wyoming. It appears that while turning a corner in a Casper suburb, the underside of the trailer was pulled across the front or hood of another vehicle causing damage to the vehicle. No citations were issued for the accident, although Irvin's insurance carrier again paid for the damaged vehicle.

In May 1982 Greenwood was discharged and, according to Greenwood, this occurred upon the advice of Irvin's insurance company. He then applied for unemployment benefits. Irvin challenged this application asserting that Greenwood was ineligible because he had been discharged for misconduct. On June 14, Greenwood was awarded benefits and Irvin appealed

this decision to the appeals section of the Employment Securities Division of the Department of Labor and Industry. A telephone hearing was conducted and the hearings officer found that Greenwood was ineligible for benefits due to discharge for misconduct.

Greenwood then appealed to the Board of Labor Appeals, and another telephone hearing was conducted. The Board found in favor of Greenwood and reversed the decision of the appeals section. In accordance with section 39-51-2410, MCA, Irvin filed a petition for judicial review of the Board's decision. A hearing was held on April 21, 1983, in the Ninth Judicial District, Honorable R. D. McPhillips presiding, after which the decision of the Board was reversed. Essentially, the District Court found that Greenwood's actions were within the definition of misconduct and, according to section 39-51-2403, MCA, sufficient to deny benefits. From this decision Greenwood appeals and raises three issues for our consideration.

1. Did the District Court err by making findings of fact different than those of the Board of Labor Appeals?

2. Is there substantial evidence supporting the Board's findings?

3. Did the District Court err by determining that the acts of appellant are within the statutory definition of misconduct to deny unemployment benefits?

First, Greenwood asserts that the District Court erred by making findings of fact different than those made by the Board. The District Court must first determine if substantial evidence supports the Board's factual findings, and, if so, those facts are conclusive and the District Court jurisdiction is confined to questions of law. If the Court

4

determines no such substantial evidence exists, it can make its own findings. This determination was never made; thus, the District Court was incorrect in making its own findings.

Irvin simply contends that the District Court accepted the findings of the Board. In essence, the District Court did not make its own factual findings.

The District Court's review of rulings made by the Board of Labor Appeals is strictly governed by statute and case law. Section 39-51-2410(5), MCA, outlines the scope of judicial review of Board decisions. This subsection reads:

> "(5) In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law. Such action and the questions so certified shall be heard in a summary manner and shall be given precedence over all other civil cases except cases arising under the workers' compensation law of this state."

This Court has enunciated and further defined this standard on several occasions. In Kirby Co. of Bozeman, Inc. v. Employment Security Division (Mont. 1980), 614 P.2d 1040, 37 St.Rep. 1255, we were called upon to determine whether the District Court erred by entering findings of fact different from those made by the Board of Labor Appeals. Justice Harrison, writing for a unanimous court explained that,

> "Under the plain meaning of this statute and the case law interpreting it, the District Court must treat the findings of the Board as conclusive, if the findings are supported by the evidence and in the absence of fraud. Noone v. Reeder (1968), 151 Mont. 248, 252, 441 P.2d 309. The District Court should, therefore, limit its review of the findings of the Board to a consideration of whether they are supported by the evidence. The District Court should not enter findings different from the Board's without first

5

> determining the Board's findings are not
> supported by the evidence." 614 P.2d at
> 1042-1043.

Although finding that such procedural error did not require reversal since the District Court affirmed the decision of the Board, this Court held that under section 39-51-2410, MCA, it is not proper for the District Court to enter findings different from those determined by the Board without first determining that the Board's findings are not supported by the evidence. See also, Jordan v. Craighead et al. (1943), 114 Mont. 337, 136 P.2d 526.

In this case the District Court found:

(1) April 1981, Greenwood was deliberately out of route;

(2) December 1981, Greenwood refused to follow instructions to go sixty miles across the Texas border to New Boston to pick up oversize load permits, and instead sat at the border for twenty-four hours waiting for a weigh station to open;

(3) December 15, 1981, Greenwood rammed a car in Houston, Texas, and was found 100 percent at fault;

(4) March 23, 1982, Greenwood neglected to check the hub oil level and, as a result of the hub being low on oil, lost a wheel;

(5) Greenwood punched a hole in the sideboard of a trailer while loading it in Iowa;

(6) May 1982, in Wyoming, Greenwood again crashed into a car and was found 100 percent at fault;

(7) Greenwood was constantly speeding; and

(8) Greenwood was constantly insubordinate.

The Board's findings were as follows:

6

". . . The evidence before the Board of Labor Appeals establishes that during the period the claimant was employed, he was involved in two accidents driving a vehicle of the employer. In addition, on one occasion, the claimant deviated from a scheduled route, however, he was allowed to continue his employment after that incident and the claimant did not violate the employer's policy regarding scheduled routes thereafter. On the occasion which led to the termination of the claimant's employment, the claimant was involved in an accident in which he struck a car while making a turn in Casper, Wyoming. Although the incidents when considered together or even individually are sufficient basis to justify the employer making the decision to terminate the claimant's employment, his conduct was not such as to lead to a conclusion that the claimant had a deliberate disregard for the interest of the employer or that he acted in a willful or wanton manner in connection with the operation of the employer's vehicle."

We find that the District Court's findings were considerably different than those made by the Board, and the District Court entered its findings without a determination of whether the Board's findings were supported by substantial evidence. This is completely contrary to the standard of review of Board decisions discussed above and clearly improper.

Further, the findings of the Board were supported by the evidence but were completely inadequate for the District Court to review the Board's decision. Thus, we must reverse and remand the case to the District Court with directions to remand to the Board of Labor Appeals for entry of complete findings of fact regarding all incidents of alleged misconduct. Irvin discharged Greenwood on the basis of six specific incidents of alleged misconduct. The Board only mentioned three such incidents. The Board must make complete findings regarding the nature of each incident so that the District

7

Court can adequately review the decision of the Board. This prevents the District Court from making its own findings, adhering to the standard of review for Board decisions, and provides a proper basis for the District Court to review the decision of the Board.

The other issues raised by appellant become moot as new findings of fact will be entered.

The order and judgment of the District Court is vacated. This cause is remanded to the District Court with directions to remand to the Board of Labor for entry of findings on all claims of misconduct alleged by the employer together with entry of an appropriate order.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

8

Mr. Justice John C. Sheehy, dissenting:

I dissent. The majority opinion contains an inadequate examination of the record in this case, and that inadequacy has lead the court into error.

Here are the facts from the record as I find them:

On June 2, 1982, Vern Greenwood applied to the Department of Labor and Industry, Unemployment Insurance Division, for unemployment insurance benefits following the termination of his employment by Dick Irvin, Inc.

On June 4, 1982, Dick Irvin, Inc., objected in writing to the payment of unemployment insurance benefits to Greenwood, listing the following grounds:

1. Greenwood was dispatched from Shelby, Montana, to Los Angeles, California, but went off-route to Billings, using additional mileage of 409 miles.

2. Greenwood failed to call in as he was told to do regarding permits for travel with an oversized load in Texas and the company incurred $976 for delivery a day late.

3. An accident in Houston, where Greenwood ran into a car.

4. The loss of a front wheel on the truck because Greenwood failed to check the oil level in the hub.

5. Greenwood poked a hole in the sideboard of a trailer through his neglect through the use of a forklift, and bent the back of the trailer, hitting a dock.

These are the five and only reasons assigned by Dick Irvin, Inc. in its letter of June 4, 1982, objecting to the payment of benefits. No claim was made in that letter by Dick Irvin, Inc., that Greenwood was discharged because of an accident which occurred in Casper, Wyoming.

Because Dick Irvin, Inc., had filed an objection to payment of the benefits, Greenwood's claim was assigned to a

hearing examiner of the Department of Labor for determination pursuant to section 39-51-2402, MCA. That examiner, P. Hyatt, determined on June 14, 1982 that Greenwood was not disqualified. The examiner's findings stated: "You were discharged because it is contended that you caused damage to property owned by the employer. The evidence in the record does not establish your actions to have been willful or intentional. You were discharged for reasons other than misconduct connected with the work."

On that basis, Greenwood was entitled to his unemployment insurance benefits.

However, Dick Irvin, Inc., filed a protest on June 1, 1982. A redetermination was refused on June 22, 1982, because the Department "had received no additional information on which to base the redetermination."

Dick Irvin, Inc., appealed from the determination made under section 39-51-2402, supra. Such an appeal goes to an appeals referee under the provisions of section 39-51-2403, MCA. The appeals referee was Rodney G. Stebbins. He conducted a telephone hearing on June 30, 1982, and based on that hearing made the following findings of fact:

> "The claimant was employed as a truck driver by the above-named employer for about 14 months. He was paid on the basis of 16 1/2 cents per mile.
>
> "Without authorization on April 19, 1981, he drove the truck several hundred miles out of the way to visit his wife. During the course of his employment, he was involved in two accidents in which he was found to be at fault and which resulted in $2,650 in damages. The last accident occurred on May 23, 1982. As the result of the above infractions, he was discharged on May 29, 1982."

Note that Stebbins included in his findings the accident which occurred in Casper, Wyoming, that on May 23, 1982. Based on his findings, Stebbins found that Greenwood's

"conduct showed a deliberate disregard of the employer's interests and of the standards of behavior the employer had a right to expect of him as an employee." Therefore, Stebbins held that Greenwood was discharged for misconduct connected with his work which directly affected his employment. The appeals referee therefore made a finding in favor of the employer, and against Greenwood, but upon only three grounds: (1) The driving off-route, (2) the accident in Texas, and (3) the accident in Casper, Wyoming.

Greenwood appealed on July 2, 1982, from the decision of the appeals referee. That appeal went to the Board of Labor Appeals under section 39-51-2404, MCA.

The Board of Labor Appeals is a quasi-judicial board. Section 39-51-310, MCA. As such, it may consider not only the record made before the appeals referee but new evidence produced at the board hearing. City of Billings v. Board of Labor Appeals (Mont. 1983), ___ P.2d ___, 40 St.Rep. 648, 651. The Board of Labor Appeals conducted a hearing at which Greenwood attended personally, and Dick Irvin, Inc., participated through the telephone.

After the hearing, the Board of Labor Appeals made its decision on August 30, 1982. In that decision, the Board of Labor Appeals decided not to expand on the grounds on which the appeals referee had decided. Instead, it took the three grounds on which the appeals referee had made its decision, and refuted the same as reported in the majority opinion. It was not necessary for the Board of Labor Appeals to go into other matters because the issues before it on the reasons for termination of Greenwood were limited by the appeals referee in his decision.

Notably, the effect of the majority decision now is to tell the Board of Labor Appeals to go beyond what was presented to it in the appeal from the appeals referee, and make factual findings on other issues not decided by the appeals referee, including one issue, the Casper, Wyoming, accident that was not raised by the employer in his initial report to the Unemployment Compensation Division.

Dick Irvin, Inc., appealed the adverse decision of the Board of Labor Appeals to the District Court. In contrast to the broad appellate power of the Board of Labor Appeals provided in section 39-51-2404, MCA, the appellate power of the District Court and of this Court, is severely limited under section 39-51-2410, MCA, when considering appeals from the Board of Labor Appeals. The latter section provides that the findings of the Board as to facts, if supported by the evidence and in the absence of fraud are conclusive, and the jurisdiction of the District Court is confined to questions of law.

In my opinion, the findings of the Board of Labor Appeals as to the facts, that is the three issues decided by the Board of Labor Appeals, are supported by the evidence, and neither the District Court nor this Court has any power to overturn them. The jurisdiction of the District Court is limited in this case to questions of law, and it exceeded its jurisdiction in this case when it purported to go beyond the factual issues that had been presented to the Board of Labor Appeals through the appellate process in the Department of Labor.

In like manner, now that the appeal has reached this Court, under section 39-51-2410, MCA, where we are reviewing what was done in the District Court, we are likewise limited

- 12 -

to the findings of the Board as to facts, and if they are supported by the evidence, they are conclusive and our jurisdiction is confined to questions of law. Section 39-51-2410.

The majority opinion does not discuss, although it is crucial to the case, what must be established by an employer who seeks to prevent a terminated employee from receiving unemployment compensation benefits. Here it is claimed that Greenwood was disqualified from benefits under section 39-51-2303, MCA, in that he had been discharged for misconduct connected with his work or affecting his employment. This Court has defined what is meant by such misconduct in Gaunce v. Board of Labor Appeals (1974), 164 Mont. 445, 524 P.2d 1108. It is:

"(1) A deliberate, willful or wanton disregard of an employer's interests or of the standards of behavior which he has a right to expect of his employer, or

"(2) Carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent, or evil design."

Instead of determining that the Board of Labor Appeals should now look at issues which were not presented to it by the appeals referee, this Court should examine the findings of fact made by the Board and determine as a question of law whether they constitute misconduct as we have defined it in Gaunce.

The facts on the whole record are, with respect to those findings, that Greenwood went off-route more than a year prior to his termination by driving to Billings. That he had two traffic accidents in the handling of his truck, one of which was not ascribed as a reason for his termination by the employer. On the whole record, the Board of Labor Appeals was correct in determining that as a matter of law the

grounds used by the appeals referee to refuse benefits did not constitute misconduct in that there is no showing of deliberateness, willfulness, or wantonness in the acts of the employee. I find that as a matter of law. Therefore, I would reverse the District Court, and reinstate the findings of the Board of Labor Appeals, without any further folderol.

_____
Justice