*98 JUSTICE REGNIER
delivered the Opinion of the Court.
Phoenix Physical Therapy appeals the decision of the Fourth Judicial District Court, Missoula County, affirming a decision of the Board of Labor Appeals. We affirm.
The issue is whether the District Court erred in affirming the decision of the Board of Labor Appeals which determined that Gail Nevin was an employee of Phoenix Physical Therapy.
FACTUAL BACKGROUND
Phoenix Physical Therapy (“PPT”) is engaged in the business of providing physical therapy services to patients on an individual basis. PPT is owned and operated by Janet Hulme, a physical therapist. On July 1, 1990, Hulme and Gail Nevin, another physical therapist, entered into a “Contract for Rental of Facilities and Administrative Services.” The term of the agreement was from July 1,1990, through December 31, 1991. Either Hulme or Nevin could terminate the agreement with thirty-days written notice. The contract did not indicate that either party had any liability for breach of the contract.
In the contract, PPT was to provide treatment facilities, client billing, and secretarial services for Nevin. Nevin was to provide scheduling instructions to the secretary, patient treatment, and client record keeping. She was to pay fifty percent of the fees she earned to PPT. The fees collected for Nevin’s services were deposited in PPT’s business account. Each month, PPT made payments to Nevin out of the business account based upon fifty percent of the fees generated by Nevin.
In November 1991, the Unemployment Insurance Division (“UID”) of the Montana Department of Labor and Industry conducted a random audit of PPT. Based on that audit, UID determined that Nevin was an employee of PPT.
PPT contested UID’s determination. A hearing was conducted to determine Nevin’s status. The appeals referee determined that the services provided to PPT by Nevin from July 1,1990 through October 1, 1991, were performed as an employee pursuant to § 39-51-203, MCA. PPT appealed that decision to the Montana Board of Labor Appeals. The Board affirmed the appeals referee’s decision.
PPT appealed the Board’s decision to the Fourth Judicial District Court, Missoula County. The District Court reviewed the record and remanded it back to the Board on the issue of whether the Board reviewed the record in its entirety as required by law. After review *99 by the Board on remand, the District Court was satisfied that the record was considered in its entirety and thus affirmed the Board’s finding that Nevin was an employee of PPT. PPT now appeals the decision finding that Nevin was an employee of PPT.
DISCUSSION
Did the District Court err in affirming the decision of the Board of Labor Appeals that Gail Nevin was an employee of Phoenix Physical Therapy?
PPT argues that PPT and Nevin intended to operate two independent practices, sharing facilities. To accomplish this, they entered into an agreement in writing in which PPT agreed to provide facilities and administrative services to Nevin, and Nevin agreed to pay to PPT fifty percent of her collected fees. PPT asserts that Nevin is neither an employee of PPT nor an independent contractor working with PPT. PPT contends that UID must abide by PPT’s and Nevin’s mutual intention that they intended an office sharing arrangement between two independent contractors. In the alternative, PPT argues that if UID did not agree with their mutual intention to operate two independent practices, then Nevin should have been found to be an independent contractor and not an employee.
The Montana Legislature has strictly limited the scope of judicial review of the decisions of the Board of Labor Appeals. Under § 39-51-2410(5), MCA, factual findings of the Board are conclusive if they are supported by evidence and there has been no fraud. The jurisdiction of a reviewing court is confined to questions of law. “Supported by the evidence” means supported by substantial evidence, which is “something more than a scintilla of evidence, but may be less than a preponderance of the evidence.” Gypsy Highview Gathering System v. Stokes (1986), 221 Mont. 11, 15, 716 P.2d 620, 623. This Court has interpreted § 39-51-2410(5), MCA, in Noone v. Reeder (1968), 151 Mont. 248, 252, 441 P.2d 309, 312, stating:
The court is not permitted to balance conflicting evidence in support of and in opposition to the Commission’s findings of fact, nor to determine which is the more substantial evidence, nor to consider where the preponderance of the evidence lies; for to do so would be to substitute the Court’s view of the evidence for that of the Commission, and effectively nullify the conclusive character of the Commission’s findings of fact as provided by statute.
When a District Court reviews a decision of the Board and adopts the decision of the Board of Labor Appeals, the court must first *100 determine if substantial evidence supports the Board’s factual findings. If so, those facts are conclusive. A court is permitted to make different findings only if it determines that no substantial evidence exists for the Board’s findings. Dick Irvin, Inc. v. Department of Labor (1983), 207 Mont. 336, 340, 673 P.2d 1271, 1273. Substantial evidence has been defined as “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion or, stated another way, enough evidence to justify a refusal to direct a verdict on a factual issue in a jury trial.” Noone, 151 Mont. at 252, 441 P.2d at 311-12.
Once disputes about the underlying facts are resolved, the issue of whether a claimant is an independent contractor or employee is a question of law. Northwest Publishing v. Department of Labor and Industry (1993), 256 Mont. 360, 362, 846 P.2d 1030, 1031. Our standard of review of a question of law is whether the conclusion is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.
In its findings of fact, the District Court correctly stated that if “the Board’s findings of fact are supported by the evidence, then they are to be considered conclusive by this Court, and the jurisdiction of this Court is confined to questions of law.” An examination of the record demonstrates the Board’s decision was supported by substantial evidence. The following findings of fact made by the appeals referee and adopted by the Board are supported by substantial evidence in the record:
[1] PPT is engaged in the principal business of providing physical therapy services to patients on an individual basis. PPT is owned and operated by Janet Hulme.
[2] Hulme and Nevin are individually registered and licensed physical therapists.
[3] On July 1,1990, Hulme and Nevin entered into a “Contract for Rental of Facilities and Administrative Services.” This contract stipulates that PPT was to provide treatment facilities, client billing and collection, and secretarial services to Gail Nevin. Gail Nevin was to provide scheduling instructions to the secretary, patient treatment, and client recordkeeping. Nevin was to pay fifty (50%) of the fees she earned to PPT. The term of the agreement was from July 1, 1990, through December 31, 1991. Either Ms. Hulme or Ms. Nevin could terminate the agreement with thirty *101 (30) days written notice. The contract did not indicate that either party had any liability for breach of the contract.
[4] The fees collected by Nevin and by the PPT secretary for services provided by Nevin were deposited in PPT’s business account. On a monthly basis, Hulme made payments to Nevin out of the business account based upon 50% of the fees generated by Nevin. Nevin did not have check signing authority on that business account.
[5] PPT did all the billing, collection, and advertising under the name of PPT.
[6] PPT provided all equipment and supplies.
[7] The patients were assigned to either Hulme or Nevin by the PPT secretary based upon patient request, referral, or availability.
[8] The patients’ files were intermingled and not separated by provider. Nevin did not keep a separate set of files on her patients. The contract required Nevin to properly document the patients’ files. The patients’ files were available for review by PPT.
[9] Nevin is not a partner in, or an owner or co-owner of, PPT.
The District Court properly declined to enter any factual findings of its own. Dick Irvin, Inc., 207 Mont. at 340, 673 P.2d at 1273. Therefore, the findings are conclusive and our review is limited to questions of law. Section 39-51-2410(5), MCA.
Under Montana law, an individual performing services for wages is generally considered to be an employee. Section 39-51-203(4), MCA, states:
Service performed by an individual for wages is considered to be employment subject to this chapter until it is shown to the satisfaction of the department that the individual is an independent contractor.
Wages are defined as follows:
Wages means all remuneration payable for personal services including commissions and bonuses, the cash value of all remuneration payable in any medium other than cash, and back pay received pursuant to a dispute related to employment.
Section 39-51-201(19)(a), MCA.
Under the contract, Nevin was required to pay fifty percent of the fees she earned to PPT. PPT collected the fees generated by Nevin and deposited the money into PPT’s bank account. Nevin did not have access to this account. At the end of the month, Nevin was paid out of the bank account fifty percent of the fees generated by her. PPT *102 argues that this was for the use of the facilities and administrative services provided to her. Thus, PPT contends, Nevin did not provide any service to PPT, instead PPT provided services to Nevin.
The appeals referee rejected PPT’s office sharing argument and further determined that it was Nevin who was providing services to PPT. Under their agreement, it was PPT who realized a profit based upon fifty percent of the fees generated by Nevin. Accordingly, it was PPT who suffered a loss when Nevin did not perform her services. The appeals referee concluded that, given the payment arrangement, Nevin was being paid by PPT for services rendered on a commission-type basis. Commissions are wages. Section 39-51-201(19)(a), MCA. An individual performing services for wages is generally considered to be an employee. Section 39-51-203, MCA. Thus, the Board could properly conclude that Nevin was an employee of PPT performing services for wages.
At this point, for PPT to avoid the imposition of unemployment taxes, it must establish that Nevin was performing services for PPT as an independent contractor.
PPT argues that if Nevin is seen as having treated patients for PPT, it is clear that she should have done so as an independent contractor. PPT states that Nevin was not controlled by PPT at all and was engaged in an independent practice. UID counters that the evidence does not show that Nevin was an independent contractor and not an employee.
The two-part test to determine whether an individual is an independent contractor is found at § 39-51-201(14), MCA:
“Independent contractor” means an individual who renders service in the course of an occupation and:
(a) has been and will continue to be free from control or direction over the performance of the services, both under a contract and in fact; and
(b) is engaged in an independently established trade, occupation, profession, or business.
This test is commonly known as the AB test. The determining factor under both the statute and at common law is control. The first, or “A,” part of the test requires that in order for an individual to be an independent contractor, that individual must be free from control or direction over the performance of such services. This Court has previously recognized four factors to consider in determining if the right to control exists: (1) direct evidence of right or exercise of *103 control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 425, 584 P.2d 1298, 1301-02 (citing Larson’s Workmen’s Compensation Law, Vol. 1A, Sec. 44.31, pp. 8-35).
Evidence of PPT’s control over Nevin was demonstrated by the contract and the parties’ actions. The contract provides the PPT will provide treatment facilities subject to availability. PPT retained the right to terminate the contract without any reason upon thirty-days’notice. Nevin relied on PPT to bill, collect, deposit, and disburse the fees she generated; and to provide facilities, equipment, supplies, advertising, and referrals. In addition, Nevin was required to keep client records. Even if PPT did not exercise control over Nevin, it clearly had the right to control her. The right of control, not just the exercise of control, is determinative. Section 39-51-201(14), MCA; Sharp, 178 Mont. 419, 584 P.2d 1298.
Evidence of employment was also found in the method by which Nevin received compensation from the fees she generated. Nevin was paid fifty percent of the fees she generated. As stated above, this was akin to being paid on a commission type basis. Being paid on a commission basis is not inconsistent with employee status. Zimmer-Jackson v. Department of Labor and Industry (1988), 231 Mont. 357, 752 P.2d 1095.
The evidence showed that PPT provided all of the equipment, supplies, and the facilities necessary for providing physical therapy treatment. Nevin admitted that PPT provided her with an ultrasound machine, HVGs, mirco current, FES, thermophore, computer and software, home units, office furniture, telephone, file cabinet, reference books, and tapes.
Another indication that PPT retained control over Nevin was the fact that the relationship between the two was terminable at will without liability on the part of either party. The contract does not provide any just cause or other grounds that are necessary to terminate the agreement. The ability to terminate the agreement without cause creates the potential for control. Kirby Co. of Bozeman v. Employment Sec. Div. (1980), 189 Mont. 1, 9, 614 P.2d 1040, 1044. In this case, if PPT terminated the agreement with Nevin, Nevin would have to purchase expensive equipment and find a new location to provide physical therapy treatment.
The above combination of factors demonstrated that PPT retained control over Nevin, thereby establishing that their relationship was one of employment. As PPT has failed to establish evidence in support *104 of a conclusion, that there is an absence of control over Nevin under the “A” prong of the test, we need not consider the “B” prong of the test. Larry’s Post Co. v. Unemployment Insurance Division, Contributions Bureau (1989), 238 Mont. 190, 196, 777 P.2d 325, 329. This Court concludes that the District Court’s decision affirming the Board is a correct interpretation of the law, given the evidence.
PPT makes a final argument that the intent of the parties must be given effect in resolving their status. Both Nevin and Hulme, owner of PPT, testified that they had a mutual intention to have independent professional practices, sharing facilities. In support of its argument, PPT cites Nevin’s and Hulme’s testimony where both indicate that they never intended that Nevin would be an employee of PPT. PPT asserts that § 28-3-301, MCA, requires that the intent of PPT and Nevin be honored. Section 28-3-301, MCA, states: “A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.”
The ability to contract is not absolute and without limits. Parties cannot privately waive statutes enacted to protect the public in general. Section 1-3-204, MCA; Hoehne v. Sherrodd, Inc. (1983), 205 Mont. 365, 369, 668 P.2d 232, 234. The Unemployment Insurance Act was enacted to protect the “public good and the general welfare of the citizens of this state.” Section 39-51-102, MCA. Furthermore, the Unemployment Insurance Act precludes an individual from waiving his rights to benefits or other rights under the unemployment insurance chapter. Section 39-51-3102, MCA.
This Court concludes that the intentions of PPT and Nevin to merely be independent practices, sharing facilities, does not control the outcome of Nevin’s status. Nevin must be proven to have been independent in fact. Schrock v. Evans Transfer and Storage (1987), 225 Mont. 348, 351, 732 P.2d 848, 850. The wishes of Nevin and PPT that Nevin is a nonemployee are not dispositive.
In conclusion, there is substantial evidence in the record to establish that Nevin did not have a business separate from PPT or that she was an independent contractor working with PPT. This Court determines that the decision of the District Court affirming the Board of Labor Appeals is correct as a matter of law and is affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES HUNT, TRIEWEILER and NELSON concur.
*105 JUSTICE LEAPHART did not participate in this decision.