No. 88-131

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN THE MATTER OF UNEMPLOYMENT
INSURANCE TAX CONTRIBUTION,
PIONEER BASEBALL LEAGUE,

        Employer and Appellant,

   -vs-

JAMES FRIEDRICHS,

        Claimant and Respondent.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard J. Carstensen, Billings, Montana

    For Respondent:

        Melanie A. Symons, Dept. of Labor & Industry, Helena,
Montana

---

Submitted on Briefs:  July 8, 1988

Decided:  August 23, 1988

Filed: AUG 23 1988

*Ethel M. Harrison*
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Pioneer Baseball League (the League) appeals from the order of the District Court of the Thirteenth Judicial District, Yellowstone County. The order affirmed the decision of the Board of Labor Appeals that the $300 per month plus expense allowance paid to League umpires constitutes employment subject to the unemployment insurance law. We affirm.

The League presents two issues for our review:

1. What is the burden of proof for determining whether services are subject to the unemployment insurance law?

2. Is the compensation paid to League umpires subject to the unemployment insurance law?

The League is a professional, minor-league baseball league with teams in Montana, Idaho, Utah and Canada. Its headquarters are in Billings, Montana. The League obtains umpires for its games from the National Association of Professional Baseball Leagues. The League and the umpires enter into a Uniform Umpire Contract provided by the National Association, which sets forth the terms of employment. James L. Friedrichs entered into such a contract with the League on June 18, 1985.

The contract provided that Friedrichs would be employed to render skilled services as an umpire. He was paid $300 per month, with an allowance of $1,050.00 per month for travel, lodging and other expenses. The contract could be assigned by the League, or terminated by the League at any time upon giving Friedrichs notice. The contract also provided that Friedrichs could not perform services as an umpire for any party other than the League unless he obtained the League's consent.

2

In 1986 when he no longer worked for the League, Friedrichs filed an unemployment claim. In his total of claimed employment, he included time spent as an umpire for the League. Subsequent proceedings led to a January 6, 1987, decision by a Labor Department Appeals Referee that the services rendered to the League by Friedrichs constituted employment subject to the unemployment insurance law. On March 7, 1987, the Board of Labor Appeals adopted the referee's decision, and on December 9, 1987, the District Court of the Thirteenth Judicial District affirmed the Board's decision. This appeal followed.

The main issue in this appeal is whether Friedrichs was an "employee" of the League for purposes of unemployment insurance contributions. The standard of review in cases appealed from the Board of Labor Appeals is controlled by § 39-51-2410(5), MCA, which states in relevant part:

> In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

The operation of this section has been discussed previously by this Court, most recently in Zimmer-Jackson Assoc. v. Dept. of Labor (Mont. 1988), 752 P.2d 1095, 1097, 45 St.Rep. 679, 681:

> When reviewing a decision of the Board of Labor Appeals, the District Court must treat the findings of the Board as conclusive if they are supported by substantial evidence and are absent fraud. [citations] This Court is held to the same standard when reviewing a Board of Labor Appeals decision. [citation].

The facts found by the Board were adopted as conclusive by the District Court, and are not disputed in this appeal. As

3

it appears from the record that the Board's findings were supported by substantial evidence, "[w]e must determine whether the District Court committed an abuse of discretion by affirming the Board's decision. [citation]." Zimmer, 752 P.2d at 1097.

I.

The League first seeks definition of the burden of proof required for a showing that the unemployment insurance law is inapplicable to a particular employment arrangement. The League has sought to show that Friedrichs was an independent contractor, and the League was therefore not required to make unemployment insurance contributions based on his compensation. The League argues that § 39-51-203(4), MCA, fails to give an adequate definition of employment that is subject to the law. However, the League's brief on this point misstates the applicable version of the statute. The events at issue here took place in 1985 and are governed by the version of the statute in force at that time:

> Employment Defined...
> (4) Service performed by an individual for wages is considered to be employment subject to this chapter unless and until it is shown to the satisfaction of the department that:
> (a) such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract and in fact;
> (b) such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
> (c) such individual is customarily engaged in an independently established trade, occupation, profession, or business.

Section 39-51-203(4), MCA (1985). This version of the statute ennunciates the "ABC" test for independent contractor

4

status.  Chapter 51, Part 2 of Title 39 was amended and rearranged in the 1987 version of the Code, and the wording of this section was changed to remove the ABC test.  The League bases its vagueness argument on the 1987 version of the statute, which must be read in conjunction with other sections of the Code, and which is not applicable to this case.  The burden of proof under § 39-51-203(4), MCA (1985), is set out in the statute itself and amply discussed in cases from this Court applying the statute.

## II.

The League disagrees with the District Court's holding that compensation paid to umpires is subject to the unemployment insurance law.  According to the League, the court misapplied § 39-51-203(4), MCA (1985), to the undisputed facts of this case.  The League argues that under the statute, its umpires are independent contractors not covered by the unemployment insurance law.  In order to establish independent contractor status, all three parts of the ABC test set out above must be met.  Zimmer, 752 P.2d at 1098, citing Standard Chem. Mfg. Co. v. Employment Sec. (1980), 185 Mont. 241, 605 P.2d 610; and Pat Griffin Co. v. Employment Security Com'n (1974), 163 Mont. 529, 519 P.2d 147.

The first, or "A" part of the test requires that the individual in question "be free from control or direction over the performance of such services."  We have held this to be the most important of the three test elements.  Zimmer, 752 P.2d at 1098, and cases cited.  The record shows that under the contract between Friedrichs and the League, the League dictated Friedrichs's monthly compensation and expense allowance, without giving him the opportunity to negotiate those terms.  The League controlled his game assignments, and determined who his co-workers would be.  Friedrichs was also forbidden from contracting with another employer without

5

League permission, and the League reserved the right to terminate him at any time. This combination of facts provides ample evidence that Friedrichs was not free from control or direction by the League as to how he performed his services.

The League's arrangement with Friedrichs fails to meet the first element of the ABC test, and therefore fails the entire test under our holding in Zimmer and its predecessors. Friedrichs was an employee of the League, and his remuneration was subject to the unemployment insurance law. We find no abuse of discretion in the District Court's decision to affirm the Board's ruling.

We affirm the decision of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices