No. 89-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

PIERRE A. LAVE,

       Petitioner and Appellant,

-vs-

MONTANA STATE DEPARTMENT OF LABOR
AND INDUSTRY, BOARD OF LABOR APPEALS;
and SUBARU OF BILLINGS,

       Respondents and Respondents.


APPEAL FROM: District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable William Speare, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Michael G. Eiselein; Lynaugh, Fitzgerald & Eiselein,
              Billings, Montana

       For Respondent:

              Charles K. Hail, Dept. of Labor & Industry, Helena,
              Montana
              Laura Mitchell; Crowley, Haughey, Hanson, Toole &
              Dietrich, Billings, Montana


              Submitted on Briefs: Aug. 17, 1989

                 Decided: September 28, 1989

Filed:

                      Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.


Pierre LaVe, petitioner, appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, affirming the Board of Labor Appeals decision denying his unemployment compensation benefits, pursuant to § 39-51-2410(5), MCA. We reverse.

The issue raised on appeal is whether the District Court erred in finding that a negligent failure to replace oil in the crankcase of a customer's automobile constituted "misconduct" within the meaning of the Montana Unemployment Compensation Insurance statutes and, based on that conclusion, erred in affirming the Board of Labor Appeals denial of unemployment benefits.

LaVe was employed by Subaru of Billings as an automobile mechanic for approximately two years. On March 11, 1988, LaVe was assigned to service a customer's vehicle which included changing the oil and filter. LaVe drained the oil and changed the filter. The next step in the process would have been to replace the oil but LaVe's attention was diverted from the task when his supervisor directed him to work on another vehicle belonging to a "rush customer." LaVe drove the car he was servicing outside and proceeded to work on the rush order. The original customer returned for his vehicle and drove it a short distance when the engine seized due to lack of oil. Approximately $2,300 worth of damage resulted. LaVe offered to pay for the damage.

On March 12, 1988, LaVe was terminated for "misconduct" by Subaru of Billings as a consequence of the incident. LaVe applied for unemployment benefits but the local Job Service representative and redetermination deputy denied the

application on the grounds that LaVe was terminated for "misconduct."

On May 12, 1988, a telephone hearing was held before an appeals referee who upheld the decision of the Job Service representative. On June 17, 1988, a hearing was held before the Board of Labor Appeals. The Board affirmed the decision of the appeals referee and adopted, as its own, the referee's findings of fact. LaVe then petitioned the District Court for review of the Board's decision. On March 27, 1989, the District Court entered its order affirming the decision of the Board and dismissing the petition for review based on the conclusion that LaVe was terminated for "misconduct." From this order LaVe appeals.

The issue raised on appeal is whether the District Court erred in finding that a negligent failure to replace oil in the crankcase of a customer's automobile constituted "misconduct" within the meaning of the Montana Unemployment Compensation Insurance statutes and, based on that conclusion, erred in affirming the Board of Labor Appeal's denial of unemployment benefits.

The standard of review utilized in Department of Labor and Industry disputes is set forth in part under § 39-51-2410(5), MCA, as follows:

> In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law. (Emphasis ours.)

In Zimmer-Jackson Associates, Inc., v. Department of Labor and Industry (Mont. 1988), 752 P.2d 1095, 1097, 45 St.Rep. 679, 681, we stated that, upon review of a decision of the Department of Labor and Industry, the District Court, as well as this Court, must "treat the findings of the Board

- 3 -

as conclusive if they are <u>supported</u> <u>by</u> <u>substantial</u> <u>evidence</u> and are absent fraud." (Emphasis ours.) Also, in <u>Zimmer-Jackson</u>, 752 P.2d at 1097, we stated that it is for this Court to determine whether the District Court committed an abuse of discretion.

In the present case, the District Court found that, "Petitioner here did not have a bad purpose in not replacing the oil nor did he desire the injury sustained." However, the court still found that LaVe's inadvertent failure to replace oil in a customer's automobile constituted statutory "misconduct," which precluded unemployment benefits under § 39-51-2303(1), MCA. We disagree with the District Court's finding.

Section 39-51-2303(1), MCA, provides in part:

An individual shall be disqualified for benefits after being discharged:

. . . for misconduct connected with the individual's work or affecting the individual's employment until the individual has performed services, other than self-employment, for which remuneration is received equal to or in excess of eight times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification occurred.

While the definition of "misconduct" is not set forth in the above statute, it is provided for under § 24.11.418, A.R.M., in part as follows:

(1) This rule defines and interprets disqualification for discharge due to a claimant's misconduct or misconduct affecting his employment as set forth in M.C.A. 39-51-2303.

(2) "Misconduct" defined: Conduct on the part of the employee evincing such <u>wilful</u> <u>or</u> <u>wanton</u> disregard of an employer's interest as is found in <u>deliberate</u> <u>violations</u> <u>or</u> <u>disregard</u> of standards of behavior which the employer has the right to expect of his employee, or in <u>carelessness</u> <u>or</u> <u>negligence</u>

- 4 -

of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertences or ordinary negligence in isolated instances, or good faith errors in judgment, or discretion are not to be deemed "misconduct" within the meaning of the statute.

(6) The statutory term misconduct shall not be literally applied so as to operate as a forfeiture except in clear instances of wilful or wanton misconduct by the claimant which affects the employer's interest. (Emphasis ours.)

Further, this Court has had the opportunity to define "misconduct" on several occasions. See Ashland Oil, Inc., v. Department of Labor and Industry (Mont. 1988), 765 P.2d 727, 45 St.Rep. 2169 (misconduct found where employee wrote several non-sufficient fund checks to employer); Connolly v. Montana Board of Labor Appeals (Mont. 1987), 734 P.2d 1211, 44 St.Rep. 587 (misconduct found where employee refused to follow his supervisor's instructions, falsified records, refused to assist a patient in distress, and harassed and played games with his subordinates); Gaunce v. Board of Labor Appeals (1974), 164 Mont. 445, 524 P.2d 1108 (misconduct found where employee refused to work overtime and train new employees). In each of these cases, an intentional disregard of the employer's expectation was committed by the employee. In the present case, however, LaVe was discharged for a negligent, not an intentional, act.

In Gaunce, 524 P.2d at 1110, this Court specifically defined misconduct as:

[A] deliberate, wilful, or wanton disregard of an employer's interest or of the standards of behavior which he has a right to expect of his employee, or . . . carelessness or negligence of such a degree

- 5 -

> or recurrence as to manifest equal culpability,
> wrongful intent, or evil design.

Citing Boynton Cab Co. v. Neubeck (1941), 237 Wis. 249, 296 N.W. 636, as summarized in the Annot., 26 A.L.R.3d 1356, 1359.

Here, a single incident of negligence was the basis for LaVe's discharge. The evidence supports the fact that his inadvertence to replace oil in a customer's automobile was nothing more than an incident of negligence. The act was _not_ wilful, wanton, deliberate, intentional, done with wrongful intent, evil design, nor was it a deliberate disregard of the employer's interest as required to support a finding of "misconduct." In fact, LaVe offered to pay for the damage that resulted from his inadvertence.

In light of the evidence, LaVe's conduct did not constitute "misconduct" as statutorily defined. LaVe's unemployment compensation benefits were improperly denied and the District Court abused its discretion in affirming the decision of the Board of Labor Appeals.

The District Court's order is reversed and remanded for a reconsideration of LaVe's petition consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -

ST. REP.

# CORRECTION

Date 10/24/89

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 3526, St. Paul, MN 55165

Please make the following correction in the opinion in the case of:

Title: No. 89-284 Lave v. MT STATE DORI, Bd. of Labor Appeals, et al

Vol. 46 St. Rptr. _____ Page 1731 and 1733

In first second column, line _____ from top bottom.

P. 1731
On May 12, 1988 . . . the referees finding(s) of fact . . . conclusion that Lave was terminated . . .
~~should read~~

P. 1733
(no new paragraph) Citing Boynton Cab Co. v. Neubeck . . . 26 A.L.R. Bd (no space)

Signed _____

The expense of making changes is such that we cannot undertake it for changes in typographical style or spacing.

West Publishing Co.

N182d