No.  91-257

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FILED

NOV 13 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

LINDA R. WARBURTON,

      Plaintiff and Respondent,

   -vs-

VET'S CLUB and BOARD OF LABOR APPEALS OF THE MONTANA DEPARTMENT OF LABOR & INDUSTRY,

      Defendants and Appellants.

---

APPEAL FROM:   District Court of the Twelfth Judicial District,
               In and for the county of Hill,
               The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Daniel B. McGregor; Department of Labor and Industry, Helena, Montana.

      For Respondent:

          Cregg W. Coughlin; Altman & Boucher, Havre, Montana.

---

               Submitted on briefs:  September 19, 1991

                      Decided:  November 13, 1991

Filed:

                            Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Vet's club and Board of Labor Appeals of the Montana Department of Labor & Industry (collectively referred to as the Defendants) appeal a March 12, 1991 memorandum and order of the Twelfth Judicial District of Hill County, Montana, which held that Linda R. Warburton, a former employee of Vet's Club, was entitled to unemployment insurance benefits because she voluntarily left her employment due to her personal illness of alcoholism. We affirm on other another ground.

We rephrase the issue on appeal:

Does the record support by substantial evidence that Warburton voluntarily left her employment at Vet's Club for good cause attributable to her place of employment, which entitled her to unemployment insurance benefits?

This Court takes judicial notice of State v. Warburton, Hill County Cause No. DC-90-004 (Twelfth Judicial Dist. Ct. 1990), a related action to this case.

Vet's Club, a bar located in Havre, Montana, employed Linda R. Warburton (Warburton) as a bartender from 1987 to 1990. On January 12, 1990, Warburton finished her work shift, consumed some alcoholic beverages, went home, pointed a rifle at her husband, and threatened to shoot him. Warburton's husband telephoned the police for assistance. On February 21, 1990, Warburton was charged by

2

information with the offense of felony assault under § 45-5-202(2)(b), MCA.

On February **23, 1990,** Warburton filed with Montana Department of Labor and Industry, Unemployment Insurance Division (the Department) a claimant's voluntary quit statement for the purpose of obtaining unemployment insurance benefits. This statement was a pre-printed form that Warburton completed and signed. On this pre-printed form, Warburton checked the appropriate box that indicated that she quit her employment at Vet's Club "[f]or personal reasons only." Under this response, she explained, "I had to quit work at the Vets because I can't work or go into bars until the law says I can. I have to wait for [a] court date *so* the judge can tell me when I can go back to work in bars because of a Felony I did on **1/12/90."**

On March **13, 1990,** the Department rejected Warburton's claim for unemployment insurance benefits because she voluntarily left her employment for personal reasons. Warburton immediately filed with the Department a request for non-monetary redetermination. On this request for non-monetary redetermination, Warburton stated among other reasons that she had to quit her job because she could "not work in a bar or around alcohol."

On March 20, **1990,** Warburton executed an acknowledgment of waiver of rights by plea of guilty regarding the felony assault charge. On March 27, **1990,** the District Court sentenced Warburton

to a deferred sentence of three years imprisonment for the offense of felony assault conditioned in part on the following:

> 2. That during the course of the deferment, [Warburton] shall not drink any intoxicants nor use dangerous drugs, nor frequent any place where intoxicants are the chief item of sale.

On April 16, 1990, an appeals referee of the Department's Legal Services Division conducted a telephonic hearing regarding Warburton's request for non-monetary redetermination. On April 17, 1990, the appeals referee sustained the Department's earlier decision finding that the circumstances surrounding Warburton's loss of employment constituted a "constructive quit" without good cause attributable to her employment.

On April 25, 1990, Warburton appealed the appeals referee's decision to the Board of Labor Appeals. On June 7, 1990, the Board of Labor Appeals adopted the appeals referee's findings.

On July 17, 1990, Warburton petitioned the District Court for judicial review of the Board of Labor Appeal's decision, and on December 20, 1990, filed an amended petition for judicial review. On March 12, 1991, the District Court reversed the Board of Labor Appeal's decision holding that certain findings of fact adopted by the Board of Labor and made by the appeals referee were clearly erroneous. The District Court held that Warburton is entitled to unemployment insurance benefits because she voluntarily left her

**4**

employment at Vet's Club due to her personal illness of alcoholism. From this decision the Defendants appeal.

Does the record support by substantial evidence that Warburton voluntarily left her employment at Vet's Club for good cause attributable to her place of employment, which entitled her to unemployment insurance benefits?

The standard of review applied by this Court for findings of fact of the Department's Board of Labor Appeals is whether the findings are supported by substantial evidence. Section 39-51-2410(5), MCA; see also Zimmer-Jackson Assoc., Inc. v. Dep't of Labor and Industry (1988), 231 Mont. 357, 360, 752 P.2d 1095, 1097. The standard of review for conclusions of law is whether the court correctly interpreted the law. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

Here, the District Court after reviewing the record held and we agree that no evidence existed in the record to support the finding that Warburton involuntarily left her employment at Vet's Club. For a reason other than the reason relied on by the District Court, we affirm the finding that Warburton voluntarily left for good cause.

The District Court held that Warburton was entitled to unemployment benefits because she voluntarily left her employment at Vet's Club due to her personal illness of alcoholism under § 39-

5

51-2302(2), MCA. We disagree. We hold that Warburton is entitled to unemployment insurance benefits because she voluntarily left her employment for good cause attributable to her employment.

Section 39-51-2302(1), MCA, provides:

(1) An individual shall be disqualified for benefits if he [or she] has left work without good cause attributable to his [or her] employment.

Administrative Rule of Montana 24.11.457 provides in pertinent part:

(1) A claimant has left work with good cause attributable to employment if:

(a) compelling reasons arising from the work environment caused the claimant to leave:

Here, Warburton voluntarily left her employment as a bartender at Vet's Club because of the court order prohibiting her to frequent bars. We hold that this provision of the court order serves as a compelling reason for her to leave her employment under Administrative Rule of Montana 24.11.457(1)(a). We therefore hold that Warburton voluntarily left her employment at Vet's Club for good cause attributable to her employment due to the court order prohibiting her to frequent bars.

Warburton was faced with a choice of returning to work as a bartender serving intoxicants to patrons of Vet's Club, a place where intoxicants are the chief items of sale. By returning to work at Vet's Club, she would violate the District Court's order deferring her sentence and thereby would face being sentenced for

*6*

felony assault with the possibility of serving not more than ten years in the state prison and a fine of $50,000. Warburton's other choice was to leave work at Vet's Club. We hold that Warburton had a compelling reason arising from her work environment at Vet's Club to leave such work.

The District Court shall enter an order that Linda R. Warburton is entitled to unemployment insurance benefits from the date she received her deferred sentence, March 27, 1990, because of the termination of her employment at Vet's Club. The amount and duration of such benefits are subject to applicable fact and law.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Chief Justice

We concur:

_John Conway Harrison_

_Karla M. Gray_

_William E. Hunt_

_Terry Trieweiler_

_R. C. McDonough_

_Fred J. Weber_
Justices

November 13, 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Daniel B. McGregor
Dept. of Labor & Industry
P.O. Box 1728
Helena, MT 59624

Cregg W. Coughlin
Altman & Boucher
P.O. Box 268
Havre, MT 59501

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy