NO. 94-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

DEBRA STINE,

Petitioner and Appellant,

-vs-

WESTERN FEDERAL SAVINGS BANK,
MONTANA DEPARTMENT OF LABOR AND
INDUSTRY, and the MONTANA BOARD
OF LABOR APPEALS,

Respondents and Respondents.



FILED

AUG 16 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Larry W. Jones, Attorney at Law, Missoula,
            Montana

        For Respondents:

            Ronald A. Bender; Worden, Thane & Haines,
            Missoula, Montana (for Western Federal Savings Bank)

            Robert J. Campbell, Special Assistant Attorney
            General, Helena, Montana (for Department of Labor
            and Industry and Board of Labor Appeals)


                            Submitted on Briefs:   July 26, 1994

                                    Decided:   August 16, 1994

Filed:


_____
                    Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Debra Stine appeals from an order of the Fourth Judicial District Court, Missoula County, affirming the Board of Labor Appeals' determination that she was disqualified from receiving unemployment insurance benefits based on employee misconduct. We affirm.

Ms. Stine was employed by the Western Federal Savings Bank of Montana (Western Federal) from August 27, 1979, to January 13, 1993. During all times pertinent to this action, Western Federal had in place an overdraft policy which required employees to maintain a positive balance in any Western Federal account. In the event of an overdraft, employees were required to bring the account to a positive balance by the following business day. If the account were overdrawn three days within any given month, the employee's supervisor would be contacted and a reprimand placed in the employee's personnel file. Finally, the policy provided that additional disciplinary action may be taken if the employee fails to maintain the account in a professional manner.

MS. Stine's problems with her account began in June of 1991, when her balance fell below zero on June 3, 4 and 11. In accordance with the overdraft policy she was given a letter of reprimand. The letter instructed Ms. Stine, to "refer to the attached checking policy copied from your employment manual," and to read, sign, date and return the letter. Ms. Stine wrote a note on the bottom of the letter indicating that her failure to keep

track of her deposits and withdrawals was the result of being "sick with lupus."

The second incident occurred in September of 1992, when Ms. Stine's account showed a negative balance on September 2, 8 and 9. In this instance, Ms. Stine's supervisor photocopied Western Federal's policy on overdrafts and added a handwritten note at the bottom indicating that "if any more overdrafts occur additional disciplinary action may be taken which could include termination." Ms. Stine read and signed this photocopy, including the handwritten note: the photocopy was then placed in her personnel file. Ms. Stine did not mention a medical problem to her supervisor during this incident.

The final incident occurred in January of 1993, when Ms. Stine carried a negative balance on January 5, 6 and 11. She received a written reprimand in the form of a memorandum stating that Western Federal was considering termination based on her failure to properly maintain the account. Ms. Stine responded with a handwritten explanation that she had failed in her recordkeeping. No medical excuse or justification was mentioned. on January 13, 1993, Western Federal terminated Ms. Stine's employment after she failed to remedy the negative balance as required by the policy and further overdrafts occurred on January 12 and 13.

Following her termination, Ms. Stine filed a claim for unemployment insurance benefits with the Unemployment Insurance Division of the Department of Labor and Industry (Department). A **claims** specialist determined that she was disqualified from

receiving benefits because she was discharged for cause associated with her violation of the overdraft policy.  Her request for redetermination was denied.  Following procedural difficulties not at issue here, Ms. Stine's claim was scheduled for a hearing on appeal before a Department referee.

The referee ultimately affirmed the determination, finding that Ms. Stine had been discharged for failure to comply with Western Federal's policy on overdrafts and that her actions constituted misconduct under § 39-51-2303, MCA.  The referee further found that Ms. Stine's assertion that the account overdrafts were the result of a medical condition was not supported by the record.

Ms. Stine appealed to the Board of Labor Appeals (Board) which, failing to find any substantial evidence to warrant modification or reversal, adopted the referee's findings of fact and decision.  On judicial review, the District Court affirmed the Board's decision.  Ms. Stine appeals.

The issue before us is whether the District Court erred in determining that substantial evidence supports the Board's findings of fact.

A district court's review of a decision of the Board of Labor Appeals is limited by § 39-51-2410(5), MCA, which provides:

> In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

A finding is supported by evidence if it is supported by

4

substantial evidence. Substantial evidence is more than a scintilla of evidence, but it may be less than a preponderance of the evidence. Reynolds v. Pacific Telecom, Inc. (1993), 259 Mont. 309, 314, 856 P.2d 1365, 1368. Under § 39-51-2410(5), MCA, a district court is not permitted to balance conflicting evidence in support of and in opposition to the Board's findings, determine which is the more substantial evidence, or consider where the preponderance of the evidence lies: to do so would substitute the district court's view of the evidence for that of the Board, effectively nullifying the conclusive nature of the Board's findings. Reynolds, 856 P.2d at 1368.

This Court's review of the Board's findings is governed by the same standard. Zimmer-Jackson v. Dept. of Labor (1988), 231 Mont. 357, 360, 752 P.2d 1095, 1098. Therefore, we review the record to determine whether substantial evidence supports the Board's findings.

Ms. Stine challenges the Board's general finding that her failure to maintain her account, under these circumstances, amounted to misconduct which disqualifies her from receiving unemployment benefits. Specifically, the Board found that "the claimant's actions must be interpreted as a deliberate, intentional or wanton disregard of the employer's interest or of the standards of behavior the employer has the right to expect of an employee."

In Montana, an employee may be disqualified for unemployment insurance benefits after discharge for "misconduct connected with the individuals's work or affecting the individual's employment."

5

Section 39-51-2303(1), MCA.  Misconduct, as defined by § 24.11.460(1), ARM, includes conduct by the claimant evincing:

> (a) willful or wanton disregard of the rights, title, and interests of a fellow employee or the employer; (b) deliberate violations or disregard of standards of behavior which the employer has the right to expect of an employee; (c) carelessness or negligence that causes or would likely cause serious bodily harm to the employer or fellow employee: or (d) carelessness or negligence in such a degree as to show an intentional or substantial disregard for the employer's interest.

In addition, § 24.11.461(f), ARM, provides that violation of a company rule may, if the rule is reasonable and the claimant knew or should have known of the existence of the rule, be considered misconduct because it signifies a willful and wanton disregard of the rights, title and interests of the employer or a fellow employee.  In this regard, Ms. Stine's reliance on Connolly v. Montana Bd. of Labor Appeals (1987), 226 Mont. 201, 734 P.2d 1211, for this Court's definition of what constitutes misconduct under § 39-51-2303, MCA, is misplaced.  Connolly was decided prior to the 1988 promulgation of the definitional regulations implementing § 39-51-2303, MCA.  These regulations became effective, January 1, 1989, were relied on by the Board and the District Court in this case, and have not been challenged here.

Ms. Stine testified that she was aware of Western Federal's policy regarding overdrafts on employee accounts and, in fact, issued numerous overdrafts leading to three reprimands by Western Federal.  Her own testimony provides ample support for the Board's finding that her conduct constituted a deliberate disregard of the employer's interest or of the standards of behavior the employer

6

has the right to expect of an employee.

Ms. Stine argues, however, that an ongoing medical condition prevented her from complying with the overdraft policy. She contends that her actions are not intentional or deliberate and do not rise to the level of misconduct we have required in order to disqualify a person from receiving unemployment insurance benefits.

In LaVe v. Dept. of Labor & Industry (1989), 239 Mont. 339, 780 P.2d 189, we considered whether negligent failure to replace oil in the crankcase of a customer's automobile constituted "misconduct" under Montana law. We determined that the employee's single act of negligence did not manifest sufficient disregard of the employer's interest to constitute misconduct. LaVe, 780 P.2d at 192. Contrasting the situation in LaVe with her own conduct, Ms. Stine argues that because her actions resulted from a medical condition over which she has little, if any, control, they do not even rise to the level of negligence in LaVe.

In this latter regard, the record reflects that Ms. Stine did not advise Western Federal that her medical problems caused the September 1992, and January 1993 incidents: nor would she offer any explanation for the increased activity in her checking account in December of 1992, and January of 1993, which led to her numerous overdrafts. This record led to the referee's determination that Ms. Stine had failed to establish that her repeated violations of Western Federal's policy were the result of her medical condition.

Moreover, LaVe provides no support for Ms. Stine. It concerned a situation where the employee had engaged in a single

7

negligent act.  _LaVe_, 780 P.2d at 192.  Here, Ms. Stine repeatedly violated Western Federal's overdraft policy.

Ms. Stine also argues that Western Federal's post-termination payment of severance benefits demonstrates that her conduct was not intentional and, therefore, does not rise to the level of misconduct.  This argument and, indeed, Western Federal's payment of severance benefits are  irrelevant to the issue before us. Western Federal's policy on severance pay did not require payment of severance benefits to Ms. Stine, and its willingness to provide these benefits based on Ms. Stine's length of service does not relate to our review of the Board's decision.

We conclude that substantial evidence supports the Board's finding that Ms. Stine's repeated violation of the overdraft policy manifests a deliberate, intentional or wanton disregard of the employer's interest or of the standards of behavior the employer has the right to expect of an employee.  We hold, therefore, that the District Court did not err in affirming the Board's findings.

Affirmed.

Justice

We concur:

Chief Justice

Justices