[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is brought by the Appellant employer from a CT Page 4213 decision of the Employment Security Board of Review. The Board of Review decision subject to this appeal determined that Karen Perella, a claimant for unemployment compensation benefits, had been an employee of the Appellant, the Mattatuck Museum.
"The Unemployment Compensation Act (Act) defines employment in C.G.S. § 31-222(a)(1)(A) and (B). Besides codifying the common law rules used to determine the existence of an employer-employee relationship the act was amended in 1971 to include the use of what is popularly known in Connecticut and throughout the country in similar legislation as the ABC test. The ABC test is utilized to ascertain whether an employer-employee relationship exists under the Act. . . . . International, Inc. v. Reilly, 179 Conn. 507,511, 427 A.2d 392 (1980). In order to demonstrate that he is not an employer and therefore has no liability for unemployment taxes under the act, a recipient of services must show that he has satisfied the criteria necessary to establish non-liability under all three prongs of the ABC test. Id.;State Department of Labor v. Medical Placement Services, Inc.,457 A.2d 382, 385-86 (Del.Super. 1982) aff'd, 467 A.2d 454
(Del. 1983); Unemployment Ins. Tax Contribution v. Friedricks,233 Mont. 384, 760 P.2d 93 (1988); Nielsen v. Department ofEmployment Security, 692 P.2d 774, 776 (Utah 1984). "The test is conjunctive; all parts must be satisfied to exclude an employer from the Act." Gay Hill Field Service v. Board ofReview, 750 P.2d 606, 608 (Utah App. 1988); Appeal of Work-A-Dayof Rashue, Inc., 132 N.H. 289, 564 A.2d 445 (1989)."
Pursuant to the ABC test any service provided by a person is employment, until and unless the recipient of the service provided has met its burden of showing "to the satisfaction of the administrator that (I) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and (II) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (III) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed. . . ." Conn. Gen. Stat. § 31-222(a)(1)(B)(ii); F.A.S. International, Inc. v. Reilly,
CT Page 4214 supra at 179 Conn. 511-12. Also, see, Daw's Critical CareRegistry, Inc., v. Department of Labor, 225 Conn. 99, 101
(1993).
The Employment Security Examiner found the Appellant liable for Ms. Perella's unemployment claim by his determination dated 2-27-91. The employer appealed such determination to an Employment Security Appeals Referee, who also found liability in a decision dated 8-12-91.
The Appeals Referee found that the employer met its burden as to grounds I (Direction and Control) and III (Independent Trade Occupation or Profession). Liability was found based on a failure of the employer to show that the claimant's services were not in the usual course of the employer's business.
The Appeals Referee decision was appealed to the Employment Security Board of Review which affirmed the liability finding; but determined that the employer had not met any of the grounds of the ABC conjunctive test.
The underlying claimant (Ms. Perella) was an artist and experienced art teacher. The Mattatuck Museum (Appellant) offered art and cultural courses to the public and its faculty in Waterbury, Connecticut.
In January, 1989, the claimant approached the Museum proposing to teach art courses through the Museum. The claimant submitted proposals for each course as to content, credit value and art supplies needed by students. The Museum publicized the art courses, and discounted the price of the course to its members.
Appellant argues that the art classes along with other educational and cultural experiences to the public are a public service and a small part of its mission as an historical society and museum.
The Appeals Referee noted "the Museum began a program of art study prior to those which the claimant taught. . . . . These then became part of the Museum's normal business as they are offered continually to the public. Members are offered a discounted fee. This is obviously to encourage membership, a fee situation. This furthers the museum's program and mission CT Page 4215 and closely ties the art courses to its mission. . . . . The modern museum has branched out from its traditional display of such items of societal value to also provide study through the practice of artistic techniques through instruction."
In reviewing this decision the trial court's function is to determine whether the board acted unreasonably, arbitrarily or illegally. Burnham v. Administrator, 184 (317, 322,439 A.2d 1008 (1981); Oppenheimer v. Administrator, 777 Conn. 593,596, 419 A.2d 337 (1979) and Latimer v. Administrator,216 Conn. 237, 245 n. 9, 579 A.2d 497 (1990).
Conn. Gen. Stat. § 31-274(C) provides that: "The provisions of this act [Unemployment Compensation Act] shall be construed, interpreted and, administered in such manner as to presume coverage, eligibility and non-disqualification in doubtful cases." This legislative expression results in a requirement that courts strictly construe exemptions from the coverage of this act. Daw's Critical Care Registry, Inc. v.Department of Labor, 42 CS 376, 389, 225 Conn. 99 (1993). Also, see, Conservation Commission v. Price, 193 Conn. 414,424, 479 A.2d 187 (1981) and Aaron v. Conservation Commission,183 Conn. 532, 549, 441 A.2d 30 (1981).
The Appeals Referee and Board of Review determination as to the second prong of the ABC test (usual course of business) is clearly reasonable, in accordance with the statute and compelled by the subordinate finding as to the museum's general function and prior history of offering art courses.
The appellant's commendable motives in offering art courses as a public service, lack of profit from such endeavor and disappointed expectations are irrelevant to the clear mandate of the law.
In that the prongs of the ABC test are conjunctive the inability of the employer to satisfy any of those prongs is dispositive of the issue of the existence of an employer-employee relationship.
The Appeal is dismissed.
Cone, J. CT Page 4216