JUSTICE LEAPHART
delivered the Opinion of the Court.
Appellant, Gregg Hafner (Hafner), appeals from the decision of the Thirteenth Judicial District Court, Yellowstone County, affirming a Board of Labor Appeals’ denial of unemployment insurance benefits. We affirm the District Court.
We restate the issue raised by Hafiier as follows:
Did Hafner’s failure to notify his employer of a conflict of interest constitute misconduct for purposes of unemployment compensation benefits?
BACKGROUND
This case arises out of the Department of Labor’s (the Department) denial of unemployment benefits to Hafner. Hafner appeals from the District Court’s decision affirming the Board of Labor Appeals’ (the Board) denial of unemployment benefits on the basis of misconduct.
*97 Hafher was hired by respondent, DuBray Land Services, Inc. (DuBray) as a Right-of-Way agent in March of 1990. As a Right-of-Way agent for DuBray, Hafher’s duties included purchasing easement rights for various companies. In preparation of Hafher’s position as a Right-of-Way agent, DuBray sent Hafner to a training program. As part of the training program, Hafher took courses in “Ethics and the Right of Way Profession” and “Rules of Professional Conduct.” Additionally, Hafher was a member of the International Right of Way Association. The Association adheres to a Code of Ethics, Ethical Rules and Standards of Conduct. Ethical Rule No. 6 of the Code of Ethics provides in part: “Members pledge to maintain a high professional relationship with his/her client or employer.” Standard Two of the “Standards of Practice for the Right of Way Professional” provides in part:
FULL DISCLOSURE
Full disclosure of all pertinent information requires, without reservation, disclosure to the client, employer or public, all relevant information a member possess [sic] with regard to the member’s employment.
Interpretation:
1. Full disclosure to the client/employer means disclosure of:
(a) conflicts of interest (including, but not limited to such items as personal, financial, emotional, employment; prior or current, or others).
While employed by DuBray, Hafher applied for and was, on a probationary basis, given a job with Conoco, Inc. (Conoco). As a pre-requisite to employment with Conoco, Hafher underwent a physical examination. After receiving the results of Hafher’s physical examination, Conoco decided to terminate Hafher’s employment before he began working. Hafner contended that Conoco’s decision to terminate him was discriminatory and he filed a claim against Conoco with the Montana Human Rights Commission. Hafher’s civil suit against Conoco continued for several years while he continued to work for DuBray.
In 1992, while the Human Rights Commission complaint was still pending, DuBray assigned Hafher to work on the Conoco account. Hafner did not advise DuBray that he had a Human Rights Complaint pending against Conoco. In handling the Conoco account, Hafner had access to Conoco’s files and a Conoco checking account. Despite his pending civil suit, Hafher continued to work on the *98 Conoco account without informing DuBray of this conflict of interest. DuBray only became aware of the suit in December of 1994, when a Billings newspaper reported that this Court had reversed the trial court’s granting of summary judgment for Conoco and remanded Hafner’s claim for trial. Hafner v. Conoco (1994), 268 Mont. 396, 886 P.2d 947. When it became aware of the suit, DuBray decided to terminate Hafner by letter dated December 28, 1994, stating as follows:
Gregg Hafner
This letter is your notice that you are terminated for cause from your employment with DuBray Land Services, Inc. effective today, December 28,1994. You will be given today two checks for your net pay for salary through today and vacation pay accumulated through today.
The reason for your termination for cause is that you are the Plaintiff in a lawsuit entitled Hafner v. Conoco, Cause No. 93-552 in Yellowstone County District Court, which lawsuit has only become known to this company through a newspaper article published in The Billings Gazette on Saturday, December 17, 1994, a copy of which is attached. This newspaper article was first delivered to me yesterday, December 27, 1994. In the meantime, for approximately two years you have been working on Conoco projects for DuBray Land Services, Inc. without informing the company of your lawsuit against Conoco. This is an untenable disregard for the interest of your employer and cannot be tolerated.
By the end of work today you must have all of your personal belongings removed from the premises of DuBray Land Services, Inc. In addition, you must turn in the company automobile and all sets of company car keys, all company credit cards and telephone cards, all company files in your possession (those for Conoco and otherwise), the Conoco checkbook, all company equipment and supplies, and your set of keys to the company office building. When you have turned over this property and cleaned out your personal property you will be given your checks for salary and vacation pay.
Thank you.
Following his termination from DuBray, Hafner filed a claim for unemployment benefits with the Department. Hafner’s request was denied on the basis that he was terminated for misconduct. Hafner then filed an appeal with the Board. After determining that Hafner had been discharged for “misconduct,” the Board denied Hafner’s *99 request for unemployment benefits pursuant to § 39-51-2303, MCA, and § 24.11.460, ARM. Next, Hafner filed a request for judicial review with the Thirteenth Judicial District Court, Yellowstone County. The District Court affirmed the Board’s decision. Hafner has filed the instant appeal challenging the decision of the District Court’s decision to affirm the Board’s denial of unemployment benefits.
DISCUSSION
Did Hafner’s failure to notify his employer of a conflict of interest constitute misconduct for purposes of unemployment compensation benefits?
A District Court’s review of a decision of the Board is limited by § 39-51-2410(5), MCA, which provides:
In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law. ...
In both Connolly v. Montana Bd. of Labor Appeals (1987), 226 Mont. 201,734 P.2d 1211, and Stine v. Western Federal Savings Bank (1994), 266 Mont. 83, 87, 879 P.2d 53, 56, this Court held that the determination of “misconduct” in the context of an application for unemployment benefits “was a factual question, properly left to the appeal’s referee and the Board of Labor Appeals.” Connolly, 734 P.2d at 1215. Having reviewed this issue in the present case, we reverse Connolly and Stine to the extent that they hold that “misconduct” is a question of fact and, for the reasons stated below, hold that the question of whether conduct rises to the level of “misconduct” is a question of law which this Court reviews for correctness.
Misconduct is defined by § 24.11.460(1), ARM, and includes:
(a) willful or wanton disregard of the rights, title, and interests of a fellow employee or the employer;
(b) deliberate violations or disregard of standards of behavior which the employer has the right to expect of an employee',
(c) carelessness or negligence that causes or would likely cause serious bodily harm to the employer or fellow employee; or
(d) carelessness or negligence of such degree or recurrence to show an intentional or substantial disregard of the employer’s interest.
(Emphasis added.) In addition, § 24.11.461(l)(f), ARM, explains:
*100 (1) The followings acts are considered misconduct because the acts signify a willful and wanton disregard of the rights, title, and interests of the employer or a fellow employee. These acts include:
• (f) violation of a company rule if the rule is reasonable and if the claimant knew or should have known of the existence of the rule [.]
The question of whether an employee has disregarded standards of behavior, been careless or negligent, or violated company rules is a question of fact. Whether those “facts” then constitute “misconduct” involves interpretation and application of the Administrative Rules of Montana and is a legal conclusion reviewable by this Court.
Hafner argues that he has a constitutional right to pursue his discrimination claim against Conoco and that it is illegal for DuBray or anyone else to interfere with this claim or retaliate against him for exercising his right to sue. Section 49-2-301, MCA. His characterization of the issue presented assumes that he was terminated for having sued Conoco. He relies on the statement in the letter of termination which states: “The reason for your termination for cause is that you are the Plaintiff in a lawsuit entitled Hafner v. Conoco ...” When that statement, however, is put in the context of the whole letter, it is apparent that he was terminated not for suing Conoco, but for failing to advise DuBray that he was suing Conoco while at the same time continuing to work on Conoco files on behalf of DuBray. Hafner also emphasizes that while the appeals referee labeled his conduct as a conflict of interest, DuBray did not. Rather, DuBray’s letter states that Hafher’s conduct was an “untenable disregard for the interest of your employer and cannot be tolerated.” This is not a distinction of significance. Failing to advise an employer of a conflict of interest can certainly constitute a disregard for the interests of the employer.
As restated, the question presented by this appeal is whether Hafner’s failure to disclose his pending litigation against Conoco, while working on Conoco files for DuBray, constituted “misconduct.” The ethical rules of a Right-of-Way agent require full disclosure of all conflicts of interest. Hafher’s failure to advise his employer regarding his suit against DuBray’s client, Conoco, was a violation of company policy as well as a violation of his ethical duty as a Right-of-Way agent.
The ethical rule imposed upon Hafner was reasonable. Hafher’s employer, DuBray, was justified in expecting to be informed of con *101 flicts of interest that arise between its employees and its clients. In addition, Hafner’s training in 1990 made him fully aware of his obligation to reveal conflicts of interest. In failing to inform DuBray of his pending litigation against Conoco while continuing to work on the Conoco account on behalf of DuBray, Hafher willfully disregarded the interests of DuBray. This disregard of reasonable standards constitutes misconduct under § 24.11.460(1), ARM.
Hafner argues that there is no logic to holding that he could be fired for failing to advise DuBray of the suit against Conoco since:
Like it or not, DuBray is prohibited from doing anything about Gregg’s suit against his customer. He may not tell Gregg to drop the suit. He may not “suggest” that Gregg choose between his job and his lawsuit. We submit that in the complete absence of even the suggestion of any wrongdoing on the part of Gregg, DuBray could not even take Gregg off the Conoco projects, because to do so would seriously limit Gregg’s usefulness as a DuBray employee and could for that reason subject him to an increased risk of layoff or termination. Such treatment would “otherwise discriminate” against Gregg and would amount to retaliation under the plain language of MCA 49-2-301.
We agree that, if Hafner had advised DuBray of his claim against Conoco in a timely fashion, DuBray would not have been justified in firing Hafher or in having him choose between his job and his claim against Conoco. We do not, however, agree that DuBray could not have chosen to assign Hafner to non-Conoco accounts or, if he were already working on the Conoco account, reassign him to other accounts as DuBray had done with other employees.
Hafher points out that Conoco was aware of the situation from the start and had no objection to his continuing to work the Conoco file while pursuing his claim. That fact does not, however, change the fact that DuBray, as the employer, had a reasonable expectation that it would be advised if its employee had a conflict of interest so that DuBray could decide how to handle the situation. Conflict of interest rules are designed to work prospectively; to prevent conflicts from causing harm to employer or client. As the District Court stated, Hafner’s argument misses the point. The fact that, in retrospect, the client was not damaged or offended, does not justify having kept the employer in the dark. Hafher should have advised DuBray of this situation when it arose so that DuBray would have been in a position to take appropriate in-house action to defuse any conflict.
*102 Hafner argues that denying him unemployment benefits amounts to a denial of his constitutional right to pursue a discrimination claim. Specifically, Hafner maintains that his termination for violating an “ethical rule” infringed upon his inalienable right to pursue and maintain employment; a right which this Court has held to be necessary to enjoy one of “life’s basic necessities” under Article II, section 3 of the Montana Constitution. In support of his argument, Hafner cites to Wadsworth v. State (1996), 275 Mont. 287, 911 P.2d 1165. In Wadsworth, the plaintiff claimed that a Department of Revenue conflict of interest rule precluding outside employment violated his right to pursue life’s basic necessities contained in the Montana Constitution. Wadsworth, 911 P.2d at 1173. This Court agreed with Wadsworth and held that the State did not demonstrate a compelling interest for applying the conflict of interest rule, thus his termination violated his constitutional right to pursue life’s basic necessities under Article II, section 3 of the Montana Constitution. Wadsworth, 911 P.2d at 1175.
In contrast to Wadsworth, Hafner was not terminated for pursuing life’s basic necessities nor is it accurate to say he was terminated for pursuing a discrimination claim against Conoco. Rather, Hafner was terminated because, without DuBray’s knowledge, he continued to work on the Conoco account while he pursued a civil suit against Conoco. Hafner’s access to a Conoco checking account and other confidential information created a conflict of interest of which DuBray had a right to be aware. Hafner’s failure to disclose this conflict created a legitimate reason for DuBray to terminate him. We hold that DuBray had a legitimate expectation to be informed of the conflict of interest. Hafner’s failure to inform DuBray of this conflict of interest constituted willful disregard of the interests of his employer and of reasonable standards of behavior which the employer had the right to expect of an employee. Section 24.11.460(1), ARM, and § 24.11.461(l)(f), ARM. The District Court’s determination that Hafner’s conduct amounted to misconduct under § 39-51-2303(1), MCA, was correct. Stine, 879 P.2d at 56.
Accordingly, we affirm.
CHIEF JUSTICE TURNAGE, JUSTICES ERDMANN, NELSON and GRAY concur.