DA 12-0158

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 219

GARY & LEO'S FRESH FOODS, INC.,

        Petitioner and Appellee,

   v.

STATE OF MONTANA,
DEPARTMENT OF LABOR AND INDUSTRY,

        Respondent and Appellant.


APPEAL FROM:    District Court of the First Judicial District,
                     In and For the County of Lewis and Clark, Cause No. CDV 2011-701
                     Honorable Kathy Seeley, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Patricia L. Bik, Special Assistant Attorney General; Helena, Montana

        For Appellee:

                Amy D. Christensen, Kate McGrath Ellis; Hughes, Kellner, Sullivan &
                Alke, PLLP; Helena, Montana


                          Submitted on Briefs:  August 29, 2012
                                Decided:   October 9, 2012


Filed:

                         _____
                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 The Montana Department of Labor & Industry (the Department) appeals from the First Judicial District Court's order reversing the Board of Labor Appeals' (the Board) award of unemployment benefits to Kaylee Reed (Reed). We affirm the District Court and address the issues:

¶2 *1. Did the Department properly preserve its evidentiary arguments for appeal?*

¶3 *2. Did the District Court err by concluding that Reed's conduct constituted misconduct under the "carelessness standard" of Admin. R. M. 24.11.460(1)(d)?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶4 Reed worked as a deli clerk for Gary & Leo's Fresh Food, Inc. (Gary & Leo's), a Havre grocery store, from February 22, 2009, until October 16, 2010. Reed's job consisted of filling shoppers' orders for deli items, such as sliced meats, salads, sandwiches, fried food, and coffee. Gary & Leo's terminated Reed's employment on October 16, 2010, after receiving complaints from shoppers regarding poor service and use of inappropriate language by Reed.

¶5 Reed applied for unemployment insurance benefits. The Department initially determined that Reed was eligible for benefits, but after Gary & Leo's requested a redetermination, it concluded that Reed was not qualified for benefits because she had been discharged for misconduct. Reed appealed and a hearing was conducted by a hearing officer on April 14, 2011.

¶6 At the hearing, Gary & Leo's manager Tracy Job testified that he had been prompted to fire Reed because of multiple customer complaints, a number of which were

2

memorialized in her personnel file as reports. The first report was dated March 14, 2009, and was signed by a customer who said that Reed acted rudely toward her. The second and third reports, dated March 14, 2010, and May 1, 2010, documented similar complaints from other customers. The fourth report, dated October 12, 2010, documented a "very upset" customer who complained after Reed "was swearing and saying she didn't know how to make a meat and cheese tray." The fifth report, also dated October 12, 2010, documented a customer complaint that Reed was "extremely rude" and "obviously didn't want to help her in any way." Reed said that she had no objection to these reports, and the hearing officer admitted them into evidence.[1] Reed testified and denied the allegations contained in the reports. While Reed admitted to using profane language at work, she testified that she did so out of earshot of customers.

¶7 The hearing officer found that five customer complaints regarding Reed's service had been made in her year-and-a-half employment with Gary & Leo's. However, the hearing officer concluded that Reed had not intentionally acted rudely toward customers. Citing Admin. R. M. 24.11.460(1)(a)–(b), the hearing officer noted that misconduct was defined as the "deliberate disregard of the employer's rights and interests or the deliberate disregard of employee standards of behavior the employer had the right to expect." While Reed had been issued written warnings regarding her rude behavior

---

[1] Reed objected to one report written by a fellow employee on the ground that he had not worked the day of the incident. The hearing officer did not adopt as fact any of the information contained in that report.

3

toward or in front of customers, the hearing officer concluded that Reed had not been deliberately rude and reinstated benefits.

¶8 Gary & Leo's appealed to the Board, arguing that the hearing officer erred by failing to apply an alternate definition of misconduct contained in subsection (d) of the Admin. R. M. 24.11.460(1), which provides that misconduct also includes: "carelessness or negligence of such degree or reoccurrence to show an intentional or substantial disregard of the employer's interest" (hereinafter "carelessness standard"). The Board affirmed, reasoning that the hearing officer was in the best position to judge the credibility of the parties and had "correctly applied the law to the facts." The Board briefly mentioned the carelessness standard but its analysis of the misconduct issue focused on a different definition of misconduct under the regulations.

¶9 Gary & Leo's petitioned for judicial review, arguing the Board had erred by failing to address Reed's conduct under the carelessness standard. The Department and the Board filed a joint notice of non-participation indicating they would not be participating in the proceeding but reserving the right to intervene if issues arose pertaining to them. In addition, the notice addressed the standards of review and their application to the case. Reed did not participate in the proceeding. Gary & Leo's filed an opening brief, serving Reed and the Department, and likewise filed and served a reply brief after Reed's and the Department's response time expired.

¶10 The District Court reversed the Board's decision, holding that Reed's conduct as established by the hearing officer's findings of fact constituted misconduct as a matter of law under the carelessness standard:

[A]pplying the law to the facts as determined by the hearing officer, the substantial evidence in the record establishes that Reed acted with a careless or negligent disregard of the employer's interest. The legal conclusions of the hearings officer and the [Board] constitute an error of law.

The court reasoned that Reed failed to correct behavior for which she was on notice and which related to the employer's interests:

The administrative record demonstrates repeated warnings to Reed about her inappropriate behavior to or around customers with no demonstrated effort to correct it after the warnings. Reed admitted to an ongoing anger problem. Her employer is a customer service business—employee misconduct toward customers is a legitimate concern of the employer. . . . Reed was discharged for misconduct.

Following this ruling, the Department and the Board filed a joint motion to alter the court's judgment, arguing the District Court had cited to the wrong statute in applying the standard of review. Gary & Leo's agreed and the District Court revised its order to cite to the correct statute. This revision did not change the outcome as a substantially similar standard of review is provided under both statutes.[2]

¶11   The Department appeals the District Court's ruling.

**STANDARD OF REVIEW**

¶12   In unemployment insurance cases, this Court reviews the factual findings to determine if they are supported by substantial evidence. *Wheelsmith Fabrication v.*

---

[2] The standard of review used by Gary & Leo's in its briefing and adopted by the District Court in its initial decision was taken from the Montana Administrative Procedure Act, which permits courts to determine whether an agency's interpretation of law is correct. *See e.g. Steer, Inc. v. Dept. of Rev.*, 245 Mont. 470, 474, 803 P.2d 601, 603 (1990). For unemployment insurance matters, § 39–51–2410(5), MCA, governs and provides that legal conclusions are reviewed for correctness. *See e.g. Phoenix Physical Therapy v. Unemployment Ins. Div.*, 284 Mont. 95, 100, 943 P.2d 523, 526 (1997).

5

*Mont. Dept. of Lab. & Indus.*, 2000 MT 27, ¶ 8, 298 Mont. 187, 993 P.2d 713. "With regard to questions of law, however, our task is to determine whether the agency's interpretation of the law is correct." *Wheelsmith*, ¶ 8. Whether an employee's conduct constitutes misconduct is a question of law which this Court reviews for correctness. *Mont. Dept. of Corrections v. Dept. of Lab. & Indus.*, 2006 MT 298, ¶ 14, 334 Mont. 425, 148 P.3d 619 (citing *Hafner v. Mont. Dept. of Lab. & Indus.*, 280 Mont. 95, 100, 929 P.2d 233, 236 (1996)).

## DISCUSSION

¶13    *1. Did the Department properly preserve its evidentiary arguments for appeal?*

¶14    The Department offers that the hearing officer and the Board gave no weight to the five customer complaints against Reed because the complaints constituted "inadmissible hearsay." The Department argues that the District Court erred by considering this evidence, and that the court thus impermissibly re-weighed the evidence in determining that Reed's actions constituted misconduct.

¶15    Gary & Leo's urges the Court to reject the Department's arguments as untimely and not properly before the Court. It argues that, because the Department notified the District Court that it would not participate in the proceedings and did not answer the briefing, the Department failed to preserve the issues raised in its appeal. The Department counters that it preserved the issues by way of the discussion provided in its notice of non-participation, reservation of the right to re-enter the case, and motion to alter or amend the judgment.

6

¶16 "In Montana, the general rule is that an issue which is presented for the first time to the Supreme Court is untimely and cannot be considered on appeal." *Day v. Payne*, 280 Mont. 273, 276–77, 929 P.2d 864, 866 (1997). This rule is applied in unemployment insurance proceedings, *Wheelsmith*, ¶ 12, and is rooted in fundamental fairness to the parties and to the trial court, *Day*, 280 Mont. at 276–77, 929 P.2d at 688. Similarly, motions to alter or amend a judgment "cannot be used to raise arguments which could, and should, have been made before judgment issued." *Nelson v. Driscoll*, 285 Mont. 355, 360–61, 948 P.2d 256, 259 (1997) (citations omitted); *accord Lee v. USAA Casualty Ins.*, 2001 MT 59, ¶ 76, 304 Mont. 356, 22 P.3d 631; *Cook v. Hartman*, 2003 MT 251, ¶ 24, 317 Mont. 343, 77 P.3d 231.

¶17 While addressing the issue of substantial evidence generally, the Department did not make the inadmissible hearsay argument in its notice of non-participation. To the extent that the Department attempted to raise the hearsay argument in its motion to alter or amend, that attempt falls squarely within the prohibition stated in *Nelson*, *Lee*, and *Cook*. In sum, the Department failed to properly raise and preserve its inadmissible hearsay argument in the District Court. Thus, its argument that the five reports of customer complaints, though admitted by the hearing officer, were inadmissible hearsay and not to be considered, are not properly before this Court, and the reports remain a part of the record.

¶18   *2. Did the District Court err by determining that the evidence found by the Department constituted misconduct as a matter of law under the "carelessness standard" of Admin. R. M. 24.11.460(1)(d)?*

¶19   The Department argues that the District Court erred in concluding that Reed had been discharged for misconduct. Giving the Department the benefit of the doubt that this issue was preserved by the substantial evidence discussion which accompanied its notice of non-participation,[3] the Department's argument nonetheless assumes that the customer complaint reports were inadmissible and could not be considered. It argues that "no credible, admissible evidence substantiates any alleged customer complaints about Reed's job performance." However, as we concluded under the first issue, the admissibility of the customer complaints was not an issue which was preserved.

¶20   The hearing officer entered findings of fact that Gary & Leo's received five complaints regarding poor customer service provided by Reed during her employment. The Board affirmed these findings of fact as supported by the evidence. As noted above, whether these facts constitute misconduct as defined by Admin. R. M. 24.11.460 is a question of law. Further, we apply a deferential review of the Board's interpretation of its regulations in light of its "considerable expertise" in these matters. *Somont Oil Co. v. King*, 2012 MT 207, ¶ 18, ___ Mont. ___, ___ P.3d ___.

¶21   However, the Board gave little attention to Gary & Leo's argument about the carelessness standard of misconduct, even though that was the only issue Gary & Leo's

---

[3] The Board's notice stated that "[d]espite Petitioner's assertions, it is improper for the Court to re-weigh the evidence in this matter. . . . On judicial review, the findings of the [Board] as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law (citations omitted)."

counsel argued to the Board. Like the analysis provided by the hearing officer, the Board's citation to the governing regulations included only an alternate definition of misconduct. The Board briefly referenced the carelessness standard in its order but did not offer an analysis regarding why the findings of fact regarding Reed's actions did not constitute misconduct under the carelessness standard.

¶22 The findings of fact established that there were multiple complaints about Reed's use of language and poor customer service, five which had been reduced to written reports, culminating in two complaints from customers on the same day. Reed had been repeatedly warned in writing. We affirm the District Court's conclusion of law that Reed's conduct as established by the findings constituted carelessness or negligence in disregard of Gary & Leo's interest in providing service to its retail customers under Admin. R. M. 24.11.460(1)(d), and that the Board erred in its legal conclusion.

¶23 This case differs from *Somont Oil Co.*, where we affirmed the Board's determination that an employee's conduct did not rise to the level of misconduct. *Somont Oil Co.*, ¶¶ 20–21. We noted that the Board "cited evidence in its written opinion and during its hearing" to support its conclusion that the employee's conduct "amounted, at most, to isolated negligence." *Somont Oil Co.*, ¶ 20. The record in *Somont Oil Co.* supported the Board's determination that the employee was terminated for "isolated" behavior. *Somont Oil Co.*, ¶ 20. In this case, the record indicates that Reed's conduct was recurring, even after she was repeatedly warned in writing. Further, while the Board cited evidence to support its conclusion in *Somont Oil Co.*, here the Board failed to

analyze the evidence of Reed's conduct under the carelessness standard found in Admin. R. M. 24.11.460(1)(d).

¶24    Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER