FILED

03/25/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0480

DA 24-0480

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 60N

AUSTIN LAKE,

      Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF LABOR
AND INDUSTRY,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Twentieth Judicial District,
                  In and For the County of Sanders, Cause No. DV-2023-69
                  Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Austin Lake, Self-Represented, Missoula, Montana

      For Appellee:

           Aleea Sharp, Agency Counsel, Montana Department of Labor &
           Industry, Helena, Montana

Submitted on Briefs:  February 12, 2025

Decided:  March 25, 2025

Filed:

_____
                    Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Austin Lake (Lake) appeals the July 30, 2024, Order on Petition for Judicial Review in favor of the Montana Department of Labor & Industry (Department) entered by the Montana Twentieth Judicial District Court, Sanders County, which affirmed the final decision of the Unemployment Insurance Appeals Board (Board) denying the backdating of his unemployment insurance claim and rejecting the admission of certain new evidence. We affirm.

¶3 This matter arose in August 2022 when Lake applied for unemployment insurance benefits, effective August 14, 2022. At that time, the Department mailed him a copy of the Unemployment Insurance Claimant Handbook. Lake's claim went inactive on September 28, 2022, for failure to request additional benefits after September 14, 2022. Lake reopened the claim on April 6, 2023. Upon reopening, the Department partially backdated the claim to March 19, 2023, through April 1, 2023.

¶4 Lake contended he first tried to contact the Department in late February but was unable to complete the process because his calls to the Department were put on hold until the Department office closed. Lake further requested a backdate to January 1, 2023. The Department granted his request in part, finding that Lake had made his first attempt to

2

reopen the claim in late February 2023, and backdated his claim to February 26, 2023, finding that his unsuccessful attempts to contact the Department constituted good cause for not reopening the claim prior to that date. However, the Department determined that Lake was unable to establish good cause for the period of January 1, 2023, through February 25, 2023.

¶5 After the denial of his further request for the January 1 through February 25 benefits, Lake appealed within the Department. The Hearing Officer ultimately affirmed the Department's denial, finding that Lake failed to show good cause for not contacting the Department prior to late February. Lake then appealed the Hearing Officer's decision to the Board.

¶6 With his appeal to the Board, Lake submitted new evidentiary materials, including written arguments, pictures of envelopes of Department correspondence, and a partial Hartford Insurance document showing that his insurance coverage was purportedly terminated on a date well after the period at issue. Lake characterized the insurance document as relevant to the separation-of-employment issues. Ultimately, the Board concluded Lake had not shown good cause under Admin. R. M. 24.7.312 (2011) or Admin. R. M. 24.11.204(19) (2011) for admitting new materials, noting that Lake had access to the Claimant Handbook for months prior to the period at issue, and the partial Hartford document was hearsay and irrelevant to the backdating issue.

¶7 On August 25, 2023, Lake filed a Petition for Judicial Review in the Montana Twentieth Judicial District Court, Sanders County, challenging the Board's decision. He argued that the Department's partial denial was based on erroneous reliance on employer

3

statements and that the excluded Hartford document would demonstrate termination rather than voluntary reduction in hours. In response, the Department and Board's counsel argued that its decision was based on substantial, credible evidence that Lake had previous access to the Claimant Handbook for months prior to the disputed period and Lake failed to comply with the requirements for submitting the new evidence. The District Court affirmed the Board's decision, concluding that Lake had not shown good cause to backdate his claim further or to admit the Hartford insurance document. Lake timely appealed.

¶8 When reviewing the finality of a decision on claims for unemployment benefits made by the Unemployment Insurance Appeals Board, this Court must apply a statutory standard of review. Pursuant to § 39-51-2410(5), MCA, "the findings of the board as to the facts, if supported by evidence and in the absence of fraud, are conclusive and the jurisdiction of the court is confined to questions of law." More specifically, the findings of fact must be supported by substantial evidence. *Crouse v. State*, 2017 MT 254, ¶ 15, 389 Mont. 90, 403 P.3d 1260 (citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . . It is more than a scintilla, but less than a preponderance of the evidence. *Crouse*, ¶ 15 (citations omitted).

¶9 If supported by substantial evidence, the Board's findings of fact are conclusive. *Phoenix Physical Therapy v. Unemployment Insurance Division,* 284 Mont. 95, 99-100, 943 P.2d 523, 526 (1997). District courts review Board decisions on conclusions of law for correctness. *Crouse*, ¶ 16 (citing *Sayler v. Mont. Dep't of Labor & Indus.*, 2014 MT 255A, ¶ 13, 376 Mont. 369, 336 P.3d 358). This Court applies the same standard when

4

reviewing the district court's decision. *Crouse*, ¶ 16 (citing *Gary & Leo's Fresh Foods, Inc. v. Mont. Dep't of Labor & Indus.*, 2012 MT 219, ¶ 12, 366 Mont. 313, 286 P.3d 1218).

¶10 In his briefs, Lake argues that his former employer's statements were improperly relied upon, thereby violating his constitutional rights. Lake also contends he did not abandon any argument regarding his former employer's role, emphasizing that he consistently raised the issue in various filings. In response, the Department argues that Lake is precluded from raising new issues on appeal. We will first look at the District Court order and then address the merits of Lake's arguments.

**A. Admission of new materials under Admin. R. M. 24.7.312 (2011)[1].**

¶11 The introduction of new evidence before the Board is governed by Admin. R. M. 24.7.312 (2011). To submit new material before the Board, the party must: (1) mail or deliver the new material to the Board administrative assistant and all other parties no later than five days prior to the scheduled Board proceeding; and (2) if the material is documentary evidence, show good cause under Admin. R. M. 24.11.204(19) (2011)[2], meaning "reasonably compelling circumstances which do not result from any act or omission on the part of the person or business entity claiming good cause and which could not be overcome by reasonable diligence", why the new documentary evidence was

---

[1] Admin. R. M. 24.7.312 (2011) was repealed in its entirety on April 13, 2024, during the course of these proceedings. The current rule addressing new materials can be found in Admin. R. M. 24.7.306(3) (2024). The new rule only permits the introduction of new evidence to the Board to determine whether an interested party timely filed an appeal to the Board.

[2] Admin. R. M. 24.11.204 (2011) has since been repealed and replaced by Admin. R. M. 24.40.101(12) (2024), which contains the same definition as the previous rule.

5

unavailable at the hearing before the hearing officer. Admin. R. M. 24.7.312(1), (2) (2011). Although the rules of evidence and civil procedure are not binding in Board administrative proceedings for unemployment insurance matters, to be admitted by the Board, the new documentary evidence must be the type of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs. Admin. R. M. 24.7.312(3) (2011). Hearsay evidence not falling under recognized exceptions to the hearsay rule under M. R. Evid. 803 and 804, is not the type of evidence "on which responsible persons are accustomed to rely in the conduct of serious affairs." *Bean v. Montana Bd. of Labor Affairs*, 1998 MT 222, ¶ 28, 965 P.2d 256, 263-64. In addition, irrelevant evidence is inadmissible in matters before the Board. *Bean*, ¶ 18.

¶12 The Board concluded Lake had not met the good cause standard regarding the Hartford document, and the District Court similarly determined that the Hartford document was inadmissible because it was incomplete, irrelevant to the backdate period, and inadmissible hearsay for lack of authentication. The District Court's decision was thus supported by substantial evidence. We discern no basis for disturbing those rulings on appeal.

**B. Backdate of unemployment insurance claim under Admin. R. M. 24.11.441 (2016)[3].**

¶13 An unemployed individual is eligible to receive unemployment benefits for any week of total unemployment within the individual's benefit year only if the Department

---

[3] Admin. R. M. 24.11.441 (2016) was repealed and replaced by Admin. R. M. 24.40.803(3) (2024) on July 1, 2024.

finds that the individual has filed a claim and has filed continued claims in accordance with the rules that the Department may prescribe. Section 39-51-2104, MCA. A claimant may request a claim be backdated to an earlier effective date if the Department finds good cause for the delayed filing. Admin. R. M. 24.11.441(5) (2016).

¶14 The Board concluded Lake did not establish he was prevented from contacting the Department earlier or reviewing the Claimant Handbook to determine his eligibility for backdating benefits. Substantial evidence supports the Board's findings. The District Court correctly affirmed that Lake did not show "reasonably compelling" reasons beyond his control to support the backdating of his claim.

### C. Town Pump as an interested party.

¶15 The District Court determined that Town Pump, Lake's former employer, was not an interested party to the backdate dispute. An employer is not an interested party to proceedings that adjudicate nonseparation issues related to a claim. Admin. R. M. 24.11.207(3) (2016). Here the issue was whether Lake had good cause to backdate his claim, not whether his employer had unlawfully separated him. The District Court was correct in concluding that Lake's former employer's statements did not convert the employer into a formal party for purposes of this appeal.

### D. Claim of constitutional violations.

¶16 Lake asserts that his former employer violated his rights to due process and engaged in unfair practices. He did not squarely raise this argument below.

¶17 Except by plain error review, this Court does not review issues on appeal that were not first raised before the trial court. *State v. Abel*, 2021 MT 293, ¶ 4, 406 Mont. 250,

7

498 P.3d 199. We may discretionarily review a claimed error not previously raised in the district court which affects fundamental constitutional rights where failing to review it may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 40, 91 P.3d 569, 578.

¶18   Here, there was no plain error. We see no manifest miscarriage of justice or lack of fundamental fairness. The only two constitutional provisions Lake identifies in his appeal were Article XIII, Section 2, of the Montana Constitution, which does not apply to his case; and Article II, Section 17, of the Montana Constitution, the right to due process of law. From the record, we find no due process violation.

¶19   Given the substantial evidence upon which the District Court relied in its analysis, we affirm its order affirming the Board's determination that Lake did not establish good cause to backdate his claim from the period ranging from January 1, 2023, to February 25, 2023, and that the Hearing Officer properly excluded the Hartford document.

¶20   We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. Affirmed.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON

8

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE